WELLS *v.* SACKS, WARDEN.

220

*Mr. Andrew Lee Wells, in propria persona.*
*Mr. Mark McElroy,* attorney general, and *Mr. Aubrey A. Wendt,* for respondent.

DUFFEY, P. J. The petitioner, an inmate of the Ohio Penitentiary, filed an action in habeas corpus in this court. The case is before the court on a motion of the respondent to dismiss, made at the conclusion of the petitioner's case. The record consists of the petition, the return, testimony of the petitioner, and copies of various portions of the record of proceedings in the County Court and Common Pleas Court, Geauga County, Ohio.

Wells was arrested, apparently without a warrant, on November 7, 1959. The transcript of the County Court indicates that a preliminary hearing was held on November 10, 1959, on an affidavit, dated the same day, charging him with armed robbery. A plea of not guilty was entered, and he was bound over to the grand jury.

On December 14, 1959, a second affidavit was executed. This was filed in the Common Pleas Court on the 15th. An information was executed by the prosecuting attorney on December 14 and filed on December 15. A waiver of counsel and a waiver of indictment by Wells was filed December 15. A warrant to arrest was issued on December 15 and returned December 16. A statement on the back of the information states that Wells was arraigned and pleaded guilty on December 15. A certified copy of sentence shows Wells was sentenced on December 15. However, there is also a written journal entry of sentence dated and filed December 18.

In a hearing before this court, Wells testified substantially as follows: On December 15, 1959, he was taken from the jail

to the Geauga County Court House. The prosecutor talked to the judge privately, petitioner remaining in the hall. The prosecutor then came out and handed him a "paper"—apparently the information. Wells was then taken into the courtroom before the judge. He was asked if he had a lawyer and he replied he did not. The judge allegedly said, "In order for me to try you, you'll have to sign this paper," and handed him a document—apparently the waiver of counsel and waiver of indictment. Wells started to read this document, and was told "there was nothing else in it and that he should sign it." Wells alleged that he thought this meant "permission to try me," and signed it. He further alleged that nothing was said about his right to counsel, right to indictment or other constitutional rights.

It should be clear that it is not the function of this court on the motion to dismiss to determine whether this testimony of Wells is the truth. The respondent has not as yet presented any evidence other than the documents mentioned and some cross-examination as to the petitioner's background in general and criminal record in particular. There is, of course, a presumption of regularity accorded to court proceedings, i. e., in the absence of any evidence on the matter, it will be presumed that the court acted properly and regularly. However, the testimony is proper evidence as to what occurred in court in connection with the waiver, is not contradicted by anything in the records before us nor by any other evidence, and must, therefore, be accepted as the case now stands.

The records of the proceeding are peculiar in several respects and there appears to be a number of minor irregularities. Criminal proceedings under a felony information are subject to all the procedural requirements and other statutory requirements which apply to prosecution by indictment. Section 2941.02, Revised Code. In particular, attention is directed to Sections 2941.49 and 2941.50, Revised Code. In the present proceeding the court is concerned with the question of validity of the information.

Section 2941.021, Revised Code, provides:

"Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the Common Pleas Court by the prosecuting attorney if the defend-

ant, after he has been advised by the court of the nature of the charge against him and of his rights under the Constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

This statute became effective on November 9, 1959, several days after Wells's arrest.

A person accused of a felony has a constitutional right to an indictment by a grand jury. Article I, Section 10, Constitution. The right to indictment is a fundamental one. In *Fouts* v. *State*, 8 Ohio St., 98, at page 114, the court stated:

"* * * As a protection to innocence and a safeguard against the oppressive and arbitrary exercise of power, it is provided in the Bill of Rights, among the fundamental principles of our government, that 'no person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury;' * * *"

This principle has been reaffirmed on many occasions. See *Riflemaker* v. *State*, 25 Ohio St., 395; *Inwood* v. *State*, 42 Ohio St., 186; *Knight* v. *State*, 54 Ohio St., 365; and *State* v. *Schwab*, 109 Ohio St., 532. It is apparent that the constitutional provision is designed to protect not only the person accused of crime but the interests of all members of the public. The use of a felony information is for the benefit of the accused and must not be perverted into a device used by the prosecution merely to expedite felony proceedings. Both under the Constitution and by the statute the right to forego grand jury action belongs only to the accused. As the Supreme Court stated in *Ex parte Stephens, a Minor* (1960), 171 Ohio St., 323, it "affords him the opportunity of waiving indictment under prescribed conditions."

It is well settled in Ohio that a void indictment makes the judgment of conviction equally void. A void indictment renders the judgment void for lack of jurisdiction of the subject matter. In *State* v. *Cimpritz* (1953), 158 Ohio St., 490, the sixth paragraph of the syllabus states:

"A *judgment of conviction* based on an indictment which does not charge an offense is *void* for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a *collateral* proceeding." (Emphasis added.)

See, also, the decisions of this court in *In re Campfield* (1950), 91 Ohio App., 74, and *State, ex rel. Bailey,* v. *Henderson, Warden* (1945), 76 Ohio App., 547; and *In re Moreno* (1948), 83 Ohio App., 54; 26 Ohio Jurisprudence (2d), 564, Habeas Corpus, Section 12; 57 A. L. R., 85, at 95; 25 American Jurisprudence, 174, Habeas Corpus, Section 42 (stated to be prevailing rule). See, also, *Burns* v. *Tarbox, Sheriff* (1907), 76 Ohio St., 520, at 526.

(This rule should be distinguished from the case of a valid indictment and a judgment of conviction for a crime which differs from that charged. This court has held such a judgment to be voidable but not void. *Evans* v. *Sacks, Warden* [1960], 114 Ohio App., 179, judgment affirmed in 173 Ohio St., 116.)

A felony information acts as a substitute for an indictment and its validity is, therefore, essential to the court's jurisdiction of the subject matter. Under Article I, Section 10 of the Constitution, a felony information is void if the accused has not effectively waived his right to indictment. To be an effective waiver under the Constitution, it must be intelligently and understandably given. See *In re Burson* (1949), 152 Ohio St., 375, dealing with the waiver of the constitutional and statutory right to counsel.

In addition to the constitutional requirement of an intelligent, knowing act, the Legislature may impose additional conditions upon the obtaining of such a waiver. Under Section 2941.021, Revised Code, these requirements are:

(1) The accused must be advised by the court of the "nature" of the charge against him.

(2) He must be advised by the court of his constitutional rights.

(3) He must be represented by counsel, or affirmatively waive counsel (a) in writing, and (b) in open court.

(4) *After* the fulfillment of the above steps, he must waive prosecution by indictment (a) in writing, and (b) in open court.

In view of the nature of the constitutional right and the apparent purpose of the legislation, the statute is to be strictly construed. The statutory conditions must be held to be mandatory. Accordingly, in addition to constitutional grounds to void a waiver and felony information, if there is a failure to comply with the mandatory requirements of the statute, the waiver is ineffective, and the information unauthorized and void.

As to the constitutional requirement, it would appear that Wells is mentally capable of giving an intelligent, understanding waiver. But, on the evidence he did not do so. His testimony shows that he did not understand the nature of the document or its contents when he signed it. To the legal mind, the testimony that this document was necessary for the judge to "try" him suggests possibly a waiver of jury trial. There can only be speculation on what that would mean to a person of Wells's background. The caption on the waiver document reads: "Statement Required Under Revised Code of Ohio Section 2941.021."

That caption is highly uninformative. It does not contain the word "waiver." In the text of the document the word waiver does not appear until the last line. On the testimony before us, and in view of the weight to be accorded it on a motion to dismiss, we conclude there is sufficient evidence from which it can be found that the petitioner did not understand the nature or contents of the waiver signed by him, and, therefore, was denied a fair hearing in violation of his federal and state constitutional rights.

As to the statutory requirements, Wells's testimony would support a finding that: (1) He was not advised of the nature of the charge prior to the execution of the waiver of indictment. The December 18 journal entry recites that the charge was read to him. However, this is clearly a reference to his arraignment upon the information and, therefore, occurred subsequent to the execution of the waiver. (2) He was not advised of his constitutional rights. He has flatly testified that there was no mention of his right to indictment. It is doubtful that there was a sufficient compliance with the statutory requirement as to the right to counsel. The case of *In re Burson, supra* (152 Ohio St., 375), concerned the right to counsel at the time of arraignment. See Section 2941.50, Revised Code. The right was held to be waivable, and the court found circumstances in that case from which a waiver could be implied. In particular, the court relied upon the fact of a plea of guilty and the fact that the trial judge had made some investigation into the defendant's background and experience. 152 Ohio St., at 382 and 383. In the present case, we are not concerned with the arraignment. The requirement of Section 2941.021, Revised Code, is specifically that he be "ad-

vised" of his right to counsel *prior* to the waiver of that right and prior to the waiver of indictment. The giving of advice is one of the conditions placed on the obtaining of the waiver of indictment and the ability to use a felony information. It would not comport with the purpose of this specific statute to freely imply a waiver of those rights which were created as conditions and safeguards to the waiver of another right. This would amount to a waiver to support a waiver of counsel to support a waiver of indictment to support the use of a felony information. Such an interpretation of Section 2941.021, Revised Code, would render it ineffectual as a protection to the accused and to the public at large from the possibility of abuse in information procedures. Accordingly, the petitioner was denied statutory rights which were conditions precedent to a valid information under the Ohio Constitution.

It should be observed that the constitutional and statutory requirements for the use of felony information are fulfilled by oral statements of, and questions by, the judge in open court. Accordingly, they are not matters which would appear in the various usual documents filed in a criminal proceeding. Since these particular matters are jurisdictional to a felony proceeding under an information, the defendant is in a position at any time to allege their nonfulfillment and effectively put upon the state the burden of going forward with the evidence in proving compliance. That burden can be met in at least two ways: (1) Testimony of persons participating or present at the court proceeding can be introduced to contradict the petitioner's testimony. (2) A transcript of the proceeding, properly authenticated, may be introduced. In these types of cases, the attack may be made many years after the events which are crucial to the proceeding. Compare *Moore* v. *Michigan* (1957), 355 U. S., 155, 2 L. Ed. (2d), 167, 78 S. Ct., 191, where the court commented on the lack of a transcript of the original proceeding, and drew for its decision upon the facts adduced at a hearing some twelve years later. The availability of such a transcript would afford maximum protection to the public and greatly facilitate the work of a court in subsequent habeas corpus proceedings such as the present one.

Attention is directed to the fact that the information charges a crime occurring on November 6, 1959. Section 2941.021, Re-

vised Code, became effective on November 9, 1959. The case of *Ex parte Stephens, a Minor, supra* (171 Ohio St., 323), in upholding the statute appears to recognize that in its absence indictment by the *grand jury* is mandatory by virtue of Article I, Section 10 of the Constitution. The statute, therefore, confers a conditional authority upon the common pleas judge which he previously lacked. As noted above, the Supreme Court has repeatedly emphasized the fundamental nature of grand jury action as part of the Ohio "Bill of Rights." The question, therefore, arises whether Section 2941.021, Revised Code, affects a substantive right rather than a remedial process. So considered, it would not apply retroactively to a crime committed prior to the effective date. Since the case is presently on a motion to dismiss, this question need not be decided at this time.

The petitioner has presented a prima facie case for release, and the burden is upon the respondent to go forward with the evidence. The motion to dismiss is overruled. If the respondent wishes to proceed, arrangements to do so should be proposed within ten days. If respondent does not choose to do so, this decision will be final and an order of release will be issued.

*Judgment accordingly.*

DUFFY and BRYANT, JJ., concur.