[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 237.]

THE STATE EX REL. BEAUCAMP, APPELLANT, *v.* LAZAROFF, WARDEN, APPELLEE.

[Cite as *State ex rel. Beaucamp v. Lazaroff*, 1997-Ohio-277.]

*Habeas corpus not available to attack the validity or the sufficiency of an information.*

(No. 96-1440—Submitted November 12, 1996—Decided January 15, 1997.)

APPEAL from the Court of Appeals for Pickaway County, No. 96 CA 13.

———————————————

{¶ 1} In December 1995, appellant, Kasey W. Beaucamp. Jr., waived his right to be prosecuted by indictment pursuant to Crim.R. 7(A) and R.C. 2941.021. According to the entry signed by Beaucamp and his counsel, Beaucamp requested that the case proceed by information after he was advised of his right to proceed by indictment. Beaucamp subsequently pled guilty to three counts of gross sexual imposition and three counts of sexual battery as charged in the information. The Darke County Common Pleas Court found Beaucamp guilty of the alleged offenses and sentenced him to six consecutive terms of twenty-four months in prison.

{¶ 2} In March 1996, Beaucamp filed an "application" in the Court of Appeals for Pickaway County alleging that the common pleas court was without jurisdiction to convict and sentence him because his waiver of the right to indictment was invalid. Beaucamp claimed that he did not knowingly and voluntarily waive his right to an indictment. The court of appeals granted appellee's motion and dismissed the habeas corpus action.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————————

*Smith, Hanna & Adgate* and *Lawrence R. Smith*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Lillian B. Earl*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 4}** Beaucamp asserts that the court of appeals erred in dismissing his habeas corpus action.  He claims that the common pleas court lost jurisdiction to convict him where he did not knowingly, intelligently, and voluntarily waive his constitutional right to be prosecuted by indictment.  See *Wells v. Sacks* (1962), 115 Ohio App. 219, 20 O.O.2d 304, 184 N.E.2d 449.

**{¶ 5}** The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional.  *Wells v. Maxwell* (1963), 174 Ohio St. 198, 200, 22 O.O.2d 147, 148, 188 N.E.2d 160, 161; *Ex parte Stephens* (1960), 171 Ohio St. 323, 324, 14 O.O.2d 1, 2, 170 N.E.2d 735, 737.  After a judgment of conviction for the crimes charged in an indictment, the judgment binds a defendant for the crime for which he was convicted.  *State v. Wozniak* (1961), 172 Ohio St. 517, 522-523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804.  Therefore, following conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal rather than habeas corpus.  *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937.  Similarly, we hold that habeas corpus is not available to attack the validity or sufficiency of an information, since a judgment on an information also binds the defendant as long as the trial court has jurisdiction to try the defendant for the crime on which he was convicted and sentenced.

**{¶ 6}** In addition, Beaucamp pled guilty to the charges contained in the information.  His plea of guilty to the offenses waived any claimed right to an indictment. *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 189, 47 O.O.2d 397, 398, 248 N.E.2d 603, 604 (Petitioner's actions in voluntarily entering a plea of

guilty while represented by counsel constituted a waiver of his constitutional right to an indictment or information.). As in *Stacy*, Beaucamp was represented by counsel when he pled guilty and did not claim in his action that his guilty plea was involuntary.

{¶ 7} Based on the foregoing, the court of appeals properly dismissed Beaucamp's habeas corpus action. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————