OPINION
Appellant Robert Linton is before the court on a delayed appeal. On April 22, 1994, appellant appeared before the Licking County Court of Common Pleas and executed a waiver of his rights to prosecution by indictment. The trial court accepted appellant's waiver. Thereafter, appellant entered pleas of no contest to five counts of rape and four counts of corruption of a minor. These charges were the result of a sexual relationship appellant had with his minor daughter. On July 7, 1994, following the completion of a psychiatric evaluation, the trial court sentenced appellant to indeterminate sentences of five to twenty-five years on the five counts of rape and determinate sentences of one year on each count of corruption of a minor. On July 21, 1999, appellant filed a motion for delayed appeal. We granted appellant's motion on March 8, 1999. Appellant sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE WAIVER OF PROSECUTION BY INDICTMENT PRIOR TO INFORMING THE DEFENDANT-APPELLANT OF THE NATURE OF THE CHARGES AGAINST HIM.
 II. THE CONVICTION OF THE DEFENDANT-APPELLANT ON COUNTS SIX, SEVEN, EIGHT AND NINE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE BILL OF INFORMATION HEREIN IS VOID, AND THUS SO ARE THE CONVICTIONS OF THE DEFENDANT-APPELLANT, AS FAILING TO ALLEGE THE ELEMENTS OF THE OFFENSES CHARGED AGAINST THE DEFENDANT-APPELLANT.
 IV. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE DEFECTS CONTAINED IN THE BILL OF INFORMATION CONSTITUTES A DENIAL OF THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 V. THE TRIAL COURT COMMITTED HARMFUL ERROR IN CONVICTING THE DEFENDANT-APPELLANT OF RAPE, RATHER THAN SEXUAL BATTERY, WHEN IT WAS UNCONTROVERTED THAT THE DEFENDANT-APPELLANT WAS THE PARENT OF THE ALLEGED VICTIM AND NO "FORCE" WAS ALLEGED IN THE COMMISSION OF THE SEXUAL CONDUCT IN QUESTION.
 VI. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO THE CONVICTION OF THE DEFENDANT-APPELLANT FOR THE CHARGE OF RAPE, RATHER THAN SEXUAL BATTERY, WAS A DENIAL OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN IT WAS UNCONTROVERTED THAT THE DEFENDANT-APPELLANT WAS THE PARENT OF THE ALLEGED VICTIM AND NO "FORCE" WAS ALLEGED IN THE COMMISSION OF THE SEXUAL CONDUCT IN QUESTION.
 I
In his First Assignment of Error, appellant contends the trial court erred when it accepted the waiver of prosecution by indictment prior to informing him of the nature of the charges against him. We disagree. Crim.R. 7(A) addresses waiver of indictment and provides, in pertinent part: (A) Use of indictment or information A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant' right to indictment, the defendant may waive that right in writing and in open court.
Crim.R. 7(A) requires a trial court to advise the defendant of the nature of the charges and of his constitutional right to an indictment. A defendant validly waives indictment when he or she is familiar with the proceeding and knowingly, intelligently and voluntarily waives his right to an indictment. The record must reflect that the defendant was fully conversant with the nature of the charges, the elements of the offense, and the consequences of the procedure followed. State v. Howard (1994), Scioto App. No. 93 CA 2196, unreported, at 1. In support of this assignment of error, appellant cites the case of Wells v. Sacks (1962),115 Ohio App. 219. In the Wells case, the court stated: In addition to the constitutional requirement of an intelligent, knowing act, the Legislature may impose additional conditions upon the obtaining of such a waiver. Under Section 2941.021, Revised Code, these requirements are: (1) The accused must be advised by the court of the "nature" of the charge against him. (2) He must be advised by the court of his constitutional rights. (3) He must be represented by counsel, or affirmatively waive counsel (a) in writing, and (b) in open court. (4) After the fulfillment of the above steps, he must waive prosecution by indictment (a) in writing, and (b) in open court. Id. at 223. (Emphasis sic.)
According to Wells, the above requirements are to be strictly construed and are mandatory for an effective waiver. Id. Appellant argues the trial court failed to comply with the requirement that he be informed of the nature of the charges against him. The transcript of the plea hearing indicates otherwise.
 COURT: * * * Mr. Linton, on April 20, 1994, a waiver of prosecution by indictment was filed in this matter which indicated that you wished to bypas (sic) the — listen to me now — that you wish to bypass the grand jury proceedings, and you agreed to have these charges filed directly against you without the necessity of having a grand jury consider the case. Basically, what you are doing is electing to shortcut the whole procedure. Do you understand that's what you are doing?
DEFENDANT: Yes, Your Honor.
 COURT: * * * Mr. Linton, did your attorney discuss this matter with you?
DEFENDANT: Yes, he has.
 COURT: And did you sign this waiver of prosecution by indictment freely, voluntarily and knowingly?
DEFENDANT: Yes, Your Honor.
COURT: That is your signature on it?
DEFENDANT: Yes, it is.
 COURT: The Court then accepts the waiver of prosecution by indictment. Tr. Plea Hrng. at 2-3.
The transcript indicates the trial court did not specifically inform appellant of the nature of the charges against him, prior to accepting his waiver of prosecution by indictment. However, the waiver form specifically states that defendant acknowledges that he has been informed of the nature of the charges to be presented by information. Further, appellant acknowledged that he freely, voluntarily and knowingly signed the waiver. Id. at 3. We also find the Wells case inapplicable because waiver and plea proceedings are now reviewed for "substantial compliance" and are not to be "strictly construed." In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court addressed "substantial compliance" as it pertains to the entering of a guilty plea under Crim.R. 11. The Court explained that: "* * * [s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 93; State v. Carter (1979), 60 Ohio St.2d 34,38, certiorari denied (1980), 445 U.S. 953. Because appellant signed the waiver of prosecution by indictment form which stated that he knew the nature of the charges to be presented by information and admitted that he signed the form knowingly, intelligently and voluntarily, we find the trial court substantially complied with Crim.R. 7(A). Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, that his conviction for counts six, seven, eight and nine are against the manifest weight of the evidence because the state failed to established venue as to these counts. We disagree. R.C.2901.12(A) provides that "* * * a criminal case * * * shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Venue is neither a jurisdictional issue nor a material element of a criminal offense. State v. Loucks (1971),28 Ohio App.2d 77, 85. Rather, venue is a fact which the state must prove beyond a reasonable doubt unless waived by the accused. State v. Headley (1983), 6 Ohio St.3d 475, 477. Express evidence is not necessary to establish venue; it may be proven by the facts and circumstances of the case. State v. Dickerson (1907), 77 Ohio St. 34, syllabus. Appellant argues the statement of facts is silent with respect to the location of the residence at issue concerning counts six through nine. The record indicates that as to counts six and seven, the prosecutor referred to the fact that these counts occurred in the living room of the house on Franklin Avenue. Tr. Plea Hrng. at 9-10. Appellant had given this address earlier in the proceedings, which is located in Newark, Ohio. Id. at 5. As to counts eight and nine, the record is silent, but under R.C. 2901.12(H)(1), venue is established when a course of criminal conduct occurs involving the same victim. R.C. 2901.12(H)(1) is applicable to the case sub judice. Although the events giving rise to these charges occurred over a period of almost two years, counts eight and nine occurred in the same sequence of events, involved the same inappropriate sexual behavior toward his daughter and therefore, are not totally disconnected. There was sufficient evidence to establish venue as it pertains to counts six through nine. Appellant's conviction for counts six through nine is not against the manifest weight of the evidence. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the bill of information is void because it fails to allege venue. We disagree. Although the bill of information fails to allege venue, when the state presented the facts of this case at the plea hearing, as it pertained to each count of the indictment, the prosecutor indicated these offenses occurred in Licking County. Tr. Plea Hrng. at 9-10. The state presented this information prior to appellant entering his pleas of no contest. Appellant indicated to the trial court that he agreed with the facts as stated by the prosecutor, which included information regarding venue. Id. at 10. Therefore, we conclude appellant was not prejudiced by the state's failure to allege venue in the bill of information. Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant maintains defense counsel was ineffective for failing to object to the defects contained in the bill of particulars. We disagree. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. Having found the state cured the defects contained in the bill of information, we do not find defense counsel's performance fell below an objective standard of reasonable representation and violated any of his essential duties owed to appellant. Appellant's Fourth Assignment of Error is overruled.
 V
Appellant alleges, in his Fifth Assignment of Error, that he did not use "force" in the sexual contact between himself and his daughter and therefore, he should have been charged with sexual battery and not rape. R.C. 2901.01(A)(1) defines "force" as "* * * any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." In support of this argument, appellant relies on R.C. 2907.03(A)(5) which provides: (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person.
We find "force" was present and the state properly charged appellant with rape. Coercion is inherent in the parent-child relationship and under these circumstances "[f]orce need not be overt and physically brutal, but can be subtle and psychological." State v. Eskridge (1988), 38 Ohio St.3d 56, 58-59. This is due to the amount of control parents have over their children. Based on the parent-child relationship that existed in the case sub judice, we find the element of force was present and appellant was properly charged with rape as opposed to sexual battery. At least two other appellate courts have reached this conclusion: State v. Johnson (Dec. 30, 1998), Scioto App. No. 98CA2576, unreported; and State v. Swift (1993), 86 Ohio App.3d 407. Appellant's Fifth Assignment of Error is overruled.
 VI
In his final assignment of error, appellant contends he was denied effective assistance of defense counsel because counsel should have objected to the charges of rape as he should have instead been charged with sexual battery because the victim was his daughter and no "force" was used. We disagree. The standard for reviewing claims of ineffective assistance of counsel is contained in appellant's Fourth Assignment of Error. Because we find appellant was properly charged with rape and not sexual battery, defense counsel did not violate any of his essential duties owed to appellant when he failed to object to the rape charges. Appellant's Sixth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.