DECISION AND JUDGMENT ENTRY
This criminal appeal comes to us from the Wood County Court of Common Pleas. There, appellant was convicted of burglary following his trial on a bill of information. Because a felony defendant's waiver of his right to an indictment must be in strict compliance with Crim.R. 7, we reverse.
On September 19, 1998, appellant, Christopher S. Willis, was arrested and charged with burglary, a felony. Appellant made an initial appearance in the Bowling Green Municipal Court at which the court appointed counsel to represent him and set a preliminary hearing date. The municipal court's judgment entry reflects that at that time "Def. waives Right to GJ indictment." On the same document, appellant's signature appears following the statement, "I waive PREL. H." The municipal court bound appellant over to the common pleas court with the notation that he intended to plead to "F-4 burglary."
By the time appellant appeared before the common pleas court, he had a change of heart. Appellant dismissed his original counsel and requested another. New counsel was appointed. On November 9, 1998, appellant was arraigned on a bill of information. At this hearing, he acknowledged receipt of the bill of information and waived defects in time, place and manner of service. He also entered a plea of not guilty. Although the trial court's order on arraignment indicates that appellant acknowledged receipt of an indictment, our review of the record discloses this order is plainly erroneous as it is uncontested that appellant's case was never presented to a grand jury and no indictment was ever issued.
The matter, nevertheless, proceeded to trial. Following impanelment of a jury, appellant moved to dismiss because he had been denied his right to an indictment as provided for in Section 10, Article I, Ohio Constitution and no proper waiver of indictment had been executed pursuant to Crim.R. 7. On consideration, the trial court denied appellant's motion, concluding that appellant's oral waiver of indictment before the municipal court was sufficient. Following trial, the jury convicted appellant as charged.
Appellant now brings this appeal, challenging the court's denial of his motion to dismiss. Appellant sets forth the following single assignment of error:
 "THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO DISMISS BASED UPON THE FAILURE TO HAVE THE DEFENDANT WAIVE, IN WRITING, IN OPEN COURT, HIS RIGHT TO INDICTMENT."
The nearly identical language of the Constitutions of Ohio and the United States provides that, "No person shall be held to answer to a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." Fifth Amendment, United States Constitution. Section 10, Article I, Ohio Constitution.[1] "Infamous crimes" are defined as those "punishable by imprisonment in [a] penitentiary," Mackin v.United States (1886), 117 U.S. 348, 354; see, also, Finnical v. Villageof Cadiz (1900), 61 Ohio St. 494, 496. Typically, this means a felony. United States v. Coachman (D.C. Cir. 1985), 752 F.2d 685,689; Finnical, supra.
Neither the United States Constitution nor the Ohio Constitution contains an express provision whereby a defendant accused of a felony may waive indictment. Nevertheless, by practice and now by rule, both jurisdictions provide that a noncapital felony defendant may waive indictment and proceed by a bill of information. See United States v. Ferguson (C.A.2, 1985),758 F.2d 843, 850, certiorari denied, 474 U.S. 1032 (1985); Clarkv. Maxwell (1964), 177 Ohio St. 49, 51.
It is in the procedures required to effect a waiver of indictment that Ohio and the federal government part company. Fed.Crim.R. 7(b) provides:
 "(b) Waiver of Indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard labor may be prosecuted by information if the defendant, after having been advised of the nature of the charge and of the rights of the defendant, waives in open court prosecution by indictment."
Ohio requires more. Crim.R. 7(A) states:
 "(A) Use of indictment or information. A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court." (Emphasis added.)
See, also, R.C. 2941.021 for Ohio's prerule statutory enactment of these requirements.
Ohio's requirement that a waiver of an indictment not only be made in open court, but also "in writing" is the issue here. Appellant concedes that during his initial appearance at the municipal court he waived his right to a preliminary hearing and agreed to have his case tried on a bill of information. The municipal court judge characterized this action as a waiver of indictment. However, if indeed this was a waiver, it was never reduced to writing as required by Crim.R. 7(A).
The trial court alternately ruled that appellant's uncontested waiver of indictment in open court was sufficient. Both parties complain of a paucity of authority on this question. However, the issue is not totally novel. First, we note that a defect in an indictment may render the indictment void for lack of subject matter jurisdiction. State v. Cimpritz (1953), 158 Ohio St. 490, paragraph six of the syllabus. Defects in subject matter jurisdiction may be raised at any time during the proceedings. Crim.R. 12(B)(2). Therefore, appellant's objection was timely. Second, with respect to the requirements for a valid waiver, the Court of Appeals for Franklin County under the prerule statute stated:
 "A felony information acts as a substitute for an indictment and its validity is, there fore, essential to the court's jurisdiction of the subject matter. Under Article I, Section 10 of the Constitution, a felony information is void if the accused has not effectively waived his right to indictment. To be an effective waiver under the Constitution, it must be intelligently and understandably given. See In re Burson (1949), 152 Ohio St. 375, dealing with the waiver of the constitutional and statutory right to counsel.
 "In addition to the constitutional requirement of an intelligent, knowing act, the Legislature may impose additional conditions upon the obtaining of such a waiver. Under Section 2941.021, Revised Code, these requirements are:
 "(1) The accused must be advised by the court of the "nature" of the charge against him.
 "(2) He must be advised by the court of his constitutional rights.
 "(3) He must be represented by counsel, or affirmatively waive counsel (a) in writing, and (b) in open court.
 "(4) After the fulfillment of the above steps, he must waive prosecution by indictment (a) in writing, and (b) in open court.
 "In view of the nature of the constitutional right and the apparent purpose of the legislation, the statute is to be strictly construed. The statutory conditions must be held to be mandatory. Accordingly, in addition to constitutional grounds to void a waiver and felony information, if there is a failure to comply with the mandatory requirements of the statute, the waiver is ineffective, and the information unauthorized and void." (Emphasis in original.) Wells v. Sacks (1962), 115 Ohio App. 219, 232.
R.C. 2941.021 has not been repealed and Crim.R. 7(A) states the same requirements for effective waiver of indictment. Pursuant toWells, absent the "mandatory" written waiver, the waiver is ineffective, the information is void, and any attempt to pursue a felony prosecution is without indictment in violation of Section 10, Article I of the Ohio Constitution. Accordingly, appellant's single assignment of error is well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., James R. Sherck, J.,Richard W. Knepper, J., CONCUR.
[1] In the Ohio version, the beginning letter is not capitalized, nor are the words "grand jury." Ohio also omits the word "a" prior to the word "presentment."