**[Cite as *State v. Krajnik*, 2021-Ohio-1442.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Ryan M. Krajnik

      Appellant

Court of Appeals Nos. WD-20-032
WD-20-033

Trial Court Nos. 2020CR0150
2019CR0352

**DECISION AND JUDGMENT**

Decided: April 23, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Ryan M. Krajnik, appeals: (1) the order on arraignment on bill of information and guilty plea and sentencing entered by the Wood County Court of Common Pleas in case No. 2020CR0150 on April 8, 2020, convicting and sentencing him on a single count of the offense of failure to appear, in violation of R.C. 2937.99(A) and

2937.99(B), a felony of the fourth degree; and (2) the judgment entry on plea and sentencing entered by the Wood County Court of Common Pleas in case No. 2019CR0352 on April 8, 2020, convicting and sentencing him on two counts of theft, in violation of R.C. 2913.02(A)(1) and 2913.02(B)(2), felonies of the fifth degree; and two counts of receiving stolen property, in violation of R.C. 2913.51(A) and 2913.51(C), felonies of the fifth degree. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellant sets forth the following assignments of error:

I. Appellant's plea was not knowingly, voluntarily, and intelligently entered because he did not waive Indictment by Grand Jury.

II. Appellant's plea was not knowingly, voluntarily, and intelligently entered because he did not waive the 24-hour waiting period on the Bill of Information.

III. The trial court erred in denying Appellant his right to be physically present at sentencing.

**Statement of the Case and Facts**

{¶ 3} Appellant was indicted on August 8, 2019, in an 11-count indictment, which served as the basis for case No. 2019CR0352. Counts 1 and 10 charged him with receiving stolen property, which were both felonies of the fifth degree. Counts 2 through 8 charged him with forgery, which were all felonies of the fifth degree. Counts 9 and 11 charged him with theft, which were both felonies of the fifth degree. He was arraigned

2.

on those charges shortly thereafter. Appellant was subsequently charged on April 3, 2020, in a one-count bill of information, which served as the basis for case No. 2020CR0150. The information charged him with one count of failure to appear as required by recognizance, which was a felony of the fourth degree.

{¶ 4} During arraignment on the bill of information, appellant's attorney, Michelle Ritchie, waived service of the bill of information, acknowledged its receipt, and waived reading of it in open court. In an abundance of caution, the trial court, before accepting the waiver, engaged in the following colloquy with appellant, himself:

> THE COURT: Mr. Krajnik, I want to go through something. A lot of times process and formality gets forgotten in our attempt to get to a final resolution. And I know that there's been a lot of conversations about where this is going. But process is still important. Today, in the Common Pleas Court a bill of information was filed for one count of failure to appear, a felony of the fourth degree.
>
> A bill of information is different from an indictment, not in its appearance but in its form or its formation. This charge has never been presented to a grand jury. It has been filed but never presented to a grand jury. Under the State of Ohio's Constitution you have a constitutional right to have the charge of failure to appear, a felony of the fourth degree, presented to a grand jury and for that grand jury to determine whether or not there is probable cause to proceed forward.

3.

That would be an indictment if they do that.

In this case this is a bill of information. The prosecutor, because they've worked out an agreement, is avoiding going to the grand jury so that a plea agreement can be reached. Are you willing to waive your right to have this matter presented to a grand jury?

THE DEFENDANT: Yes.

THE COURT: Okay. You've discussed that with your counsel?

THE DEFENDANT: Yes.

THE COURT: Okay. Go ahead, Ms. Ritchie. Now that you've entered a not guilty plea on this and you've waived the time, place, and manner issues, go ahead.

{¶ 5} Immediately following this colloquy, appellant entered into a universal resolution of his cases where he entered a plea of guilty to four of the eleven charges that were set forth in the indictment in case No. 2019CR0352, and he entered a plea of guilty to the single charge that was set forth in the bill of information that served as the basis for case No. 2020CR0150.

{¶ 6} The trial court then proceeded to sentence appellant to serve 12 months in prison in case No. 2019CR0352, which was to run concurrent with an 18-month prison sentence in case No. 2020CR0150, and consecutively to a one year prison sentence that was related to a postrelease control violation in case No. 2015CR0184. Thus, appellant was sentenced to serve an aggregate sentence of 30 months in prison.

4.

## Analysis

{¶ 7} Appellant argues in his first assignment of error that his plea was not knowingly, voluntarily, and intelligently entered, because in case No. 2020CR0150 he did not waive indictment by the grand jury in strict compliance with the requirements set forth in Crim.R. 7(A) and in R.C. 2941.021. Crim.R. 7(A) relevantly provides:

> A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right *in writing and in open court*.

*Id.* (emphasis added). R.C. 2941.021 similarly provides:

> Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives *in writing and in open court* prosecution by indictment.

*Id.* (emphasis added).

{¶ 8} Appellant claims that although he did waive his right to indictment in open court, there is nothing in the record to suggest that he ever did so in writing. As a result of this alleged deficiency, appellant argues that the waiver was ineffective, the information was void, and the plea was involuntary and, therefore, invalid.

{¶ 9} In support of this argument, appellant relies on the decision of the Tenth District Court of Appeals in *Wells v. Sacks*, 115 Ohio App. 219, 184 N.E.2d 449 (10th Dist.1962), for the proposition that under Article I, Section 10 of the Ohio Constitution, a felony information is void if the accused has not effectively waived his right to indictment. *Id.* at 232.

{¶ 10} In *State v. Willis*, 6th Dist. No. WD-99-015, 1999 WL 1262077 (Dec. 30, 1999), this court likewise relied on *Wells* when considering the validity of a defendant's waiver of his right to indictment. As in the instant case, the appellant in *Willis* waived his right to indictment in open court, but the waiver was never reduced to writing as required by Crim.R. 7(A) and R.C. 2941.021. Quoting *Wells*, this court stated:

> "In view of the nature of the constitutional right [to prosecution by indictment] and the apparent purpose of [R.C. 2941.021], the statute is to be strictly construed. The statutory conditions must be held to be mandatory. Accordingly, in addition to constitutional grounds to void a waiver and felony information, if there is a failure to comply with the mandatory requirements of the statute, the waiver is ineffective, and the information unauthorized and void."

6.

*Willis* at \*3, quoting *Wells* at 223. Noting that R.C. 2941.021 had not been repealed and that Crim.R. 7(A) stated the "same requirements for effective waiver of indictment," this court concluded that "[p]ursuant to *Wells*, absent the 'mandatory' written waiver, the waiver is ineffective, the information is void, and any attempt to pursue a felony prosecution is without indictment in violation of Section 10, Article I of the Ohio Constitution." *Id.* Thus, this court's holding in *Willis* would appear to support appellant's argument.

{¶ 11} Unfortunately for appellant, however, this court in *State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389, 825 N.E.2d 695 (6th Dist.), when again faced with alleged errors under Crim.R. 7(A) and R.C. 2941.021, expressly considered *Willis* and found it inapplicable, where—as in the instant case—the appellant had pleaded guilty to the charges against him, instead of having been convicted following a jury trial, as had the appellant in *Willis*. Distinguishing *Willis*, this court concluded that, "'[the appellant's] plea of guilty to the offenses waived any claimed right to an indictment.'" *Id.* (holding that appellant waived his right to be advised of the nature of the charges against him, as set forth in Crim.R. 7(A) and in R.C. 2941.021), citing *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St.3d 237, 238, 673 N.E.2d 1273 (1997), citing *Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969) (holding that petitioner's actions in voluntarily entering a plea of guilty while represented by counsel constituted a waiver of his constitutional right to indictment or information); *see also Click v. Eckle*, 174 Ohio St. 88, 186 N.E.2d 73 (1962) (holding that an accused waives his right to service of an

7.

indictment by entering a plea of guilty). We likewise find that when appellant—while represented by counsel and after having been expressly advised by the court of his right to an indictment—voluntarily pleaded guilty to the charge in case No. 2020CR0150, he waived any claimed right to an indictment, including the alleged errors pursuant to Crim.R. 7(A) and R.C. 2941.021.

{¶ 12} To the extent that appellant suggests that there was additional error because he verbally waived his right to prosecution by indictment only *before* he understood the full nature of the charges and the maximum penalties involved, such claim is dismissed as meritless. A review of the record demonstrates that appellant verbally waived prosecution by the indictment *both before and after* the court advised him of the nature of the charges against him and of his rights under the constitution.

{¶ 13} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.

{¶ 14} Appellant argues in his second assignment of error that his plea was not knowingly, voluntarily, and intelligently entered, because "he did not waive the 24-hour waiting period on the bill of information."

{¶ 15} Regarding service of an indictment on an accused, R.C. 2941.49 provides:

Within three days after the filing of an indictment for felony and in every other case when requested, the clerk of the court of common pleas shall make and deliver to the sheriff, defendant, or the defendant's counsel, a copy of such indictment. The sheriff, on receiving such copy, shall serve it

8.

on the defendant. A defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having an opportunity to receive in person or by counsel, a copy of such indictment.

Thus, R.C. 2941.49 establishes that a defendant shall not be arraigned on an indictment until one day after receiving, in person or through counsel, a copy of the indictment.

{¶ 16} The law is clear, however, that "[t]he manner by which an accused is charged with a crime, whether by indictment returned by a special grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional." *See State v. Padgett*, 8th Dist. Cuyahoga App. Nos. 107015 and 107016, 2019-Ohio-174, ¶ 26. A defendant who knowingly, intelligently, and voluntarily pleads guilty to the charges waives his right to contest any nonjurisdictional defects that occurred before the plea was entered. *Id.* (citations omitted).

{¶ 17} In the instant case, we find that when appellant knowingly, intelligently, and voluntarily waived prosecution by indictment on the record and pleaded guilty to the charge in case No. 2020CR0150, he waived his right to contest the alleged procedural defects that occurred before the plea was entered, including nonobservance of the one-day waiting period. We therefore find appellant's second assignment of error not well-taken.

9.

{¶ 18} In his third assignment of error, appellant argues that the trial court erred in denying him the right to be physically present at sentencing. Crim.R. 43 relevantly states:

**(A) Defendant's Presence.**

(1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules.

\* \* \*

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

Thus, pursuant to Crim.R. 43, a defendant must be physically present at sentencing, except where he has waived that right, either in writing or on the record.

{¶ 19} In the instant case, appellant claims that he did not waive his right to be present at his sentencing. A review of the record, however, reveals that he did, in fact, waive the right to be physically present, as evidenced by the following exchange that took place between the trial judge and appellant at the outset of the guilty plea proceedings:

10.

THE COURT: We're back in the record. *State of Ohio v. Ryan Krajnik*, 2019-CR-0352, 2020-CR-0150. Previously we called this on the record. I want to indicate that Chris Anderson is here on behalf of the State of Ohio. Michelle Ritchie on behalf of the defendant, and the defendant Mr. Ryan Krajnik is present by video. I want to confirm a few things. Mr. Krajnik, I know that you are back in the room at the jail. I want to confirm again, can you see me?

THE DEFENDANT: Yes.

THE COURT: Can you hear me?

THE DEFENDANT: Yes.

THE COURT: Can you see your attorney?

THE DEFENDANT: Yes.

THE COURT: Can you see the prosecuting attorney?

THE DEFENDANT: Yes.

COURT: Okay. And it appears to me that based upon the paperwork I have in front of me that you have had a conversation with your attorney and that you are now going to proceed forward with a plea; is that correct?

THE DEFENDANT: Yes.

THE COURT: Okay. And I want you to understand that we're going to go through all of those, all of the process there. But you have a

right to be present physically here to do that. Are you willing to waive that right and have this dealt with via video?

THE DEFENDANT: Yes.

The record additionally shows that appellant participated throughout the plea proceedings, as appropriate, up to and including sentencing. Because appellant expressly and effectively waived his right to be present, pursuant to Crim.R. 43(A)(3), his third assignment of error is found not well-taken.

{¶ 20} For all of the foregoing reasons, we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.