[Cite as *State v. Eckelbarger*, 2025-Ohio-2024.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-16 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 022 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| SKYLER DEAN ECKELBARGER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 6, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE


_____
MARY K. HUFFMAN, JUDGE


_____
ROBERT G. HANSEMAN, JUDGE

**OPINION**
CHAMPAIGN C.A. No. 2024-CA-16

MARY ADELINE R. LEWIS, Attorney for Appellant
SAMANTHA B. WHETHERHOLT, Attorney for Appellee

HANSEMAN, J.

**{¶ 1}** Appellant Skyler Dean Eckelbarger appeals from his conviction in the Champaign County Court of Common Pleas after he pled guilty to one count of failure to comply with an order or signal of a police officer and one count of violating a protection order. In support of his appeal, Eckelbarger contends that his guilty plea to violating a protection order was invalid because the trial court accepted his guilty plea before he executed a waiver of indictment on that charge. For the reasons outlined below, we disagree with Eckelbarger's claim and will affirm the judgment of the trial court.

## Facts and Course of Proceedings

**{¶ 2}** On March 4, 2024, a Champaign County grand jury returned an indictment charging Eckelbarger with one third-degree-felony count of failure to comply with an order or signal of a police officer. The charge arose after Eckelbarger fled from a Saint Paris police officer who was attempting to conduct a traffic stop due to Eckelbarger's operation of his motorcycle without a license plate. The officer reported that Eckelbarger fled at a high rate of speed and lost control of his motorcycle while attempting to make a left-hand turn. The officer also reported that Eckelbarger and his female passenger were ejected from the motorcycle during the incident and fled on foot until they were apprehended and taken into custody.

{¶ 3} Eckelbarger pled not guilty to the indicted charge and the matter was scheduled for a jury trial. The State thereafter filed a bill of information in the same case that charged Eckelbarger with one fifth-degree-felony count of violating a protection order. This additional charge stemmed from allegations that Eckelbarger violated a civil protection order that had been obtained by the father of the female passenger who was involved in the motorcycle incident. Specifically, it was alleged that Eckelbarger had called the female passenger 39 times from jail despite the civil protection order, which prohibited him from contacting her or any member of her immediate family.

{¶ 4} On May 20, 2024, Eckelbarger appeared in court and waived his right to an indictment by a grand jury on the charge of violating a protection order. As part of a plea agreement, Eckelbarger pled guilty to that charge and to the indicted charge of failure to comply with an order or signal of a police officer. In exchange for Eckelbarger's guilty pleas, the State agreed to recommend that a presentence investigation report be prepared for sentencing and that Eckelbarger receive no more than 36 months in prison. In addition, the parties agreed that the motorcycle driven by Eckelbarger would be returned to the registered owner and that Eckelbarger would pay court costs and any applicable court-appointed legal fees.

{¶ 5} On June 13, 2024, the trial court sentenced Eckelbarger to 24 months in prison for failure to comply with an order or signal of a police officer and a consecutive 12 months in prison for violating a protection order. Accordingly, Eckelbarger received a total sentence of 36 months in prison. The trial court also suspended Eckelbarger's driver's license for 15 years and ordered him to pay court costs and a $4,500 fine.

{¶ 6} Eckelbarger now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 7} Eckelbarger claims that his guilty plea to violating a protection order as charged in the bill of information was invalid because he did not waive his right to an indictment by a grand jury in strict compliance with R.C. 2941.021. Eckelbarger asserts that his waiver of indictment did not comply with R.C. 2941.021 because the trial court accepted his guilty plea before he executed his waiver of indictment. We disagree.

{¶ 8} As a preliminary matter, we note that when reviewing the validity of a defendant's plea, "[a]n appellate court must determine whether the record affirmatively demonstrates that [the] plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2012-Ohio-6051, ¶ 7 (2d Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). "If a defendant's plea is not knowing, intelligent, and voluntary, it 'has been obtained in violation of due process and is void.' " *State v. Carter*, 2022-Ohio-206, ¶ 19 (2d Dist.), quoting *Russell* at ¶ 7. "In order for a plea to be given knowingly, [intelligently,] and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2012-Ohio-199, ¶ 13 (2d Dist.). Pursuant to Crim.R. 11(C), the trial court should not accept a defendant's guilty plea to a felony offense without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant

understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)    Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 9} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 2020-Ohio-2765, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). There are, however, two circumstances in which it is unnecessary for a defendant to demonstrate prejudice to vacate his plea. The first is when the trial court fails to explain the notifications under Crim.R. 11(C)(2)(c), i.e., the constitutional rights that a defendant waives by pleading guilty or no contest. *Id.* at ¶ 14. The second is when the trial court completely fails to comply with a portion of the nonconstitutional notifications under Crim.R. 11(C)(2)(a) or (b). *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero* at 108.

{¶ 10} In this case, Eckelbarger does not dispute that the trial court engaged him in

a plea colloquy and does not allege that the trial court failed to give any of the notifications required by Crim.R. 11(C). As previously discussed, Eckelbarger instead claims that his guilty plea to violating a protection order was invalid because the trial court allegedly accepted his guilty plea before he executed a waiver of indictment on that charge. According to Eckelbarger, the "odd order" of the proceedings did not comply with the requirements of Crim.R. 11(C) or R.C. 2941.021—the statute that governs prosecution by information.

{¶ 11} R.C. 2941.021 provides the following:

Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment.

{¶ 12} The requirements under R.C. 2941.021 are mandatory. *Wells v. Sacks*, 115 Ohio App. 219, 223 (10th Dist. 1962); *State v. Krajnik*, 2021-Ohio-1442, ¶ 10 (6th Dist.). " '[I]f there is a failure to comply with the mandatory requirements of the statute, the waiver is ineffective[.]' " *Krajnik* at ¶ 10, quoting *Wells* at 223. "Under Article I, Section 10 of the Constitution, a felony [bill of] information is void if the accused has not effectively waived his right to indictment." *Wells* at 223.

{¶ 13} In this case, Eckelbarger concedes that the trial court provided the required advisements under R.C. 2941.021 when it obtained his waiver of indictment. Eckelbarger, however, argues that his waiver was "moot" because it was made after the trial court had already accepted his guilty plea to violating a protection order. To support his claim that his

guilty plea was accepted before his waiver of indictment, Eckelbarger points to the following discussion that occurred immediately after the parties informed the trial court of their plea agreement:

THE COURT: . . . Mr. Eckelbarger, could you hear what the lawyers had to say?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did they say anything that you did not understand?

THE DEFENDANT: No, Your Honor.

THE COURT: Is it your desire to enter a plea of guilt to the two Counts?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is Attorney Anderson retained by you for Count Two [violating a protection order]?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Attorney Anderson, have you seen the Bill of Information?

MR. ANDERSON: I have, Your Honor.

THE COURT: Do you accept service and waive the reading?

MR. ANDERSON: Yes, Your Honor.

THE COURT: Does your client waive the one-day rule before being arraigned and called upon to answer the Bill?

MR. ANDERSON: He does, Your Honor.

THE COURT: And does your client wish to enter a plea to that Bill?

*MR. ANDERSON: Yes, he does. He pleads guilty to that.*

> THE COURT:          *Guilty plea will be accepted. Is that something we can*
>
> *do right now?*
>
> MR. ANDERSON:   Yes, Your Honor.

(Emphasis added.) Plea and Bill of Information Hearing Tr. (May 20, 2024), p. 5-6.

{¶ 14} After reviewing the record, we disagree with Eckelbarger's claim that the foregoing discussion establishes that the trial court accepted his guilty plea to violating a protection order before he executed a waiver of indictment on that charge. The foregoing discussion constitutes Eckelbarger's arraignment, not an acceptance of his guilty plea. *See* Crim.R. 10 ("Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint."). The trial court's use of the future tense language "will be accepted" and asking if acceptance of the guilty plea was "something we can do right now?" supports the notion that the trial court had not formally accepted Eckelbarger's guilty plea.

{¶ 15} Furthermore, after the discussion in question, the trial court went on to explain Eckelbarger's constitutional right to an indictment by a grand jury and how one must waive that right when pleading guilty to a bill of information. Tr. at 10-12. Once the trial court completed its waiver explanation, Eckelbarger confirmed he understood that by pleading guilty to the bill, he would be waiving his right to a grand jury and accepting the charge brought by the prosecutor. *Id.* at 12. Thereafter, Eckelbarger orally waived his right to an indictment on the record and reviewed and signed a written waiver of indictment form. *Id.* at 14-15; Waiver of Indictment (May 20, 2024). It was not until after the trial court accepted Eckelbarger's waiver of indictment that the court proceeded to complete a Crim.R. 11 plea

colloquy and accept Eckelbarger's guilty pleas. Tr. at 15-26.

{¶ 16} Upon review, we find that, in fashioning his argument, Eckelbarger has taken a small portion of the record out of context and manipulated it in a way to reach a conclusion that is not supported by the record as a whole. When considering the entire record, it becomes clear that, during the discussion in question, Eckelbarger and his counsel were simply notifying the trial court of Eckelbarger's intent to plead guilty to violating a protection order, and that the trial court responded by notifying the parties of its intent to accept that plea. Such an exchange is not the equivalent of the trial court formally accepting Eckelbarger's guilty plea. Therefore, we reject Eckelbarger's claim that the trial court accepted his guilty plea to violating a protection order before he waived his right to an indictment on that charge.

{¶ 17} Because Eckelbarger is only challenging the timing of his waiver of indictment and otherwise concedes that his waiver and plea complied with R.C. 2941.021 and Crim.R. 11, his assignment of error lacks merit, as we agree that the trial court fully complied with those provisions. Also, by pleading guilty in compliance with Crim.R. 11, Eckelbarger effectively waived his right to contest non-jurisdictional defects that occurred before he entered his plea, which included any alleged defects in his waiver of indictment. *State v. Doll*, 2017-Ohio-760, ¶ 6 (2d Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991), *State ex rel. Beauchamp v. Lazaroff*, 77 Ohio St.3d 237, 238 (1997) and *State v. Hill*, 1993 WL 27640 (8th Dist. Feb. 4, 1993); *accord State v. Padgett*, 2019-Ohio-174, ¶ 26 (8th Dist.), citing *Stacy v. Van Coren*, 18 Ohio St.2d 188 (1969), *State v. Mays*, 2013-Ohio-4031 (8th Dist.) and *Hill*.

{¶ 18} For all the foregoing reasons, Eckelbarger's sole assignment of error is overruled.

## Conclusion

{¶ 19} Having overruled Eckelbarger's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.