THE STATE EX REL. BEAUCAMP, APPELLANT, *v.* LAZAROFF, WARDEN, APPELLEE.

[Cite as *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237.]

(No. 96–1440—Submitted November 12, 1996—Decided January 15, 1997.)

238

Smith, Hanna & Adgate and Lawrence R. Smith, for appellant.

Betty D. Montgomery, Attorney General, and Lillian B. Earl, Assistant Attorney General, for appellee.

Per Curiam. Beaucamp asserts that the court of appeals erred in dismissing his habeas corpus action. He claims that the common pleas court lost jurisdiction to convict him where he did not knowingly, intelligently, and voluntarily waive his constitutional right to be prosecuted by indictment. See Wells v. Sacks (1962), 115 Ohio App. 219, 20 O.O.2d 304, 184 N.E.2d 449.

The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional. Wells v. Maxwell (1963), 174 Ohio St. 198, 200, 22 O.O.2d 147, 148, 188 N.E.2d 160, 161; Ex parte Stephens (1960), 171 Ohio St. 323, 324, 14 O.O.2d 1, 2, 170 N.E.2d 735, 737. After a judgment of conviction for the crimes charged in an indictment, the judgment binds a defendant for the crime for which he was convicted. State v. Wozniak (1961), 172 Ohio St. 517, 522–523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804. Therefore, following conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal rather than habeas corpus. State ex rel. Simpson v. Lazaroff (1996), 75 Ohio St.3d 571, 664 N.E.2d 937. Similarly, we hold that habeas corpus is not available to attack the validity or sufficiency of an information, since a judgment on an information also binds the defendant as long as the trial court has jurisdiction to try the defendant for the crime on which he was convicted and sentenced.

In addition, Beaucamp pled guilty to the charges contained in the information. His plea of guilty to the offenses waived any claimed right to an indictment. Stacy v. Van Coren (1969), 18 Ohio St.2d 188, 189, 47 O.O.2d 397, 398, 248 N.E.2d 603, 604 (Petitioner's actions in voluntarily entering a plea of guilty while represented by counsel constituted a waiver of his constitutional right to an indictment or information.). As in Stacy, Beaucamp was represented by counsel

when he pled guilty and did not claim in his action that his guilty plea was involuntary.

Based on the foregoing, the court of appeals properly dismissed Beaucamp's habeas corpus action. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.