[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 519.]

THE STATE EX REL. BEAVER, APPELLANT, *v.* KONTEH, WARDEN, APPELLEE.

[Cite as *State ex rel. Beaver v. Konteh*, 1998-Ohio-295.]

*Mandamus to compel relator's immediate release from Trumbull Correctional Institution—Mandamus action properly dismissed, when.*

(No. 98-1285—Submitted October 13, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Trumbull County, No. 98-T-0073.

_____

{¶ 1} In 1995, a grand jury indicted appellant, Richard Darnell Beaver, on a charge of murder and an accompanying firearm specification. At Beaver's jury trial, the trial court instructed the jury on felonious assault as a lesser included offense to the charged offense of murder. The jury found Beaver not guilty of murder but could not reach a verdict on the felonious assault charge. The common pleas court later retried Beaver on the felonious assault charge. Following the second trial, Beaver was convicted of felonious assault and the firearm specification and was sentenced to prison.

{¶ 2} On appeal, the court of appeals affirmed Beaver's conviction and sentence. *State v. Beaver* (1997), 119 Ohio App.3d 385, 695 N.E.2d 332. The court of appeals rejected Beaver's claim that the felonious assault instruction in his first trial was unwarranted because felonious assault is not a lesser included offense of murder. The court of appeals concluded that because Beaver's trial counsel requested the instruction on felonious assault as a lesser included offense of murder, Beaver invited any error by the trial court. We denied Beaver's discretionary appeal. *State v. Beaver* (1997), 79 Ohio St.3d 1504, 684 N.E.2d 88.

{¶ 3} In April 1998, Beaver filed a petition in the court of appeals for a writ of habeas corpus to compel his immediate release from prison. Beaver claimed entitlement to the writ because his grand jury was not properly selected, he was

never indicted for felonious assault, felonious assault is not a lesser included offense of murder, and double jeopardy precluded his second trial. The court of appeals granted the Civ.R. 12(B)(6) motion of appellee, Trumbull Correctional Institution Warden Khelleh Konteh, and dismissed Beaver's habeas corpus petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

*Richard Darnell Beaver*, pro se.

*Betty D. Montgomery*, Attorney General, and *Karen L. Killian*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 5} Beaver asserts that the court of appeals erred in dismissing his habeas corpus petition. For the reasons that follow, however, Beaver's contentions lack merit.

{¶ 6} First, Beaver's claim concerning the grand jury selection process attacks the validity and sufficiency of his indictment and is nonjurisdictional. *Thornton v. Russell* (1998), 82 Ohio St.3d 93, 94, 694 N.E.2d 464, 465; *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274.

{¶ 7} Second, as the court of appeals concluded in Beaver's direct appeal, Beaver invited any error arising from the felonious assault charge because his trial counsel requested a jury instruction on that charge.[1] See *State v. Keenan* (1998), 81 Ohio St.3d 133, 144, 689 N.E.2d 929, 942. Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 471, 692 N.E.2d 198, 202; cf. *Beaucamp*, 77 Ohio St.3d at 238,

---

1. Whether felonious assault is a lesser included offense of murder or attempted murder has not yet been resolved. See, *e.g., State v. Williams* (1998), 81 Ohio St.3d 1262, 1262-1263, 693 N.E.2d 282 (Cook, J., dissenting).

673 N.E.2d at 1274-1275, and *Stacy v. Van Coren* (1969), 18 Ohio St.2d 188, 189, 47 O.O.2d 397, 398, 248 N.E.2d 603, 604, in which we held that a plea of guilty to an uncharged offense waives the right to an indictment on that offense, thereby precluding issuance of a writ of habeas corpus.

{¶ 8} Third, Beaver's claims of double jeopardy and erroneous jury instructions are not cognizable in habeas corpus. *Borsick v. State* (1995), 73 Ohio St.3d 258, 259, 652 N.E.2d 951, 952; *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1136.

{¶ 9} Finally, the fact that Beaver has already invoked alternate remedies, *e.g.*, appeal and postconviction relief, to raise some of these same issues does not entitle him to extraordinary relief. See *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————