THE STATE EX REL. MORRIS, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Morris v. Leonard* (1999), 86 Ohio St.3d 624.]

(No. 99–937—Submitted August 25, 1999—Decided September 29, 1999.)

---

John E. Morris, pro se.

---

**Per Curiam.** Morris asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Morris's assertion is meritless.

Morris did not comply with the R.C. 2725.04(D) requirement to attach all of his pertinent commitment papers. *Boyd v. Money* (1998), 82 Ohio St.3d 388, 389, 696 N.E.2d 568, 569. It is apparent that Morris is incarcerated not because of his 1994 sentence, which placed him on probation, but due to a revocation of that probation. Morris did not attach any revocation entry to his petition.

In addition, Morris's plea of guilty to the charge contained in the information waived any claimed right to an indictment. And habeas corpus is not available to attack the validity or sufficiency of an information because a judgment on an information binds a defendant as long as the trial court has jurisdiction to try the defendant for the crime on which the defendant is convicted and sentenced. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.