[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 624.]

THE STATE EX REL. MORRIS, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Morris v. Leonard*, 1999-Ohio-215.]

*Habeas corpus to compel relator's release from prison—Dismissal of petition affirmed.*

(No. 99-937—Submitted August 25, 1999—Decided September 29, 1999.)

APPEAL from the Court of Appeals for Allen County, No. 1-99-14.

_____

{¶ 1} Appellant, John E. Morris, pled guilty to the offense of attempted arson, as charged in a bill of information. In 1994, Morris was convicted of the charged offense and sentenced to a prison term of four to ten years. The common pleas court suspended execution of the sentence and placed Morris on probation for five years with the conditions that he serve ninety days in the county jail and make restitution.

{¶ 2} In 1999, Morris filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel his release from prison. Morris claimed that his 1994 conviction was void because he had never waived his right to an indictment pursuant to R.C. 2941.021. The court of appeals dismissed the petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*John E. Morris, pro se*.

_____

**Per Curiam.**

{¶ 4} Morris asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Morris's assertion is meritless.

{¶ 5} Morris did not comply with the R.C. 2725.04(D) requirement to attach

all of his pertinent commitment papers. *Boyd v. Money* (1998), 82 Ohio St.3d 388, 389, 696 N.E.2d 568, 569. It is apparent that Morris is incarcerated not because of his 1994 sentence, which placed him on probation, but due to a revocation of that probation. Morris did not attach any revocation entry to his petition.

{¶ 6} In addition, Morris's plea of guilty to the charge contained in the information waived any claimed right to an indictment. And habeas corpus is not available to attack the validity or sufficiency of an information because a judgment on an information binds a defendant as long as the trial court has jurisdiction to try the defendant for the crime on which the defendant is convicted and sentenced. *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274.

{¶ 7} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____