OPINION
The state of Ohio, plaintiff-appellant, filed two complaints on January 28, 1999, in the court of common pleas, division of domestic relations, juvenile division, charging defendant-appellee, Patricia Phillips, with multiple counts of contributing to a child becoming a dependent or neglected child. The tenor of the complaints is that defendant-appellee had failed to take steps to see that her children attended school. In the amended complaints on April 20, 1999, the original mistaken subdivision given as a basis of the charge was changed to reflect the correct statutory subsection, R.C. 2919.21(C), over which juvenile courts have the exclusive jurisdiction. Violations of R.C. 2919.21(C) are first degree misdemeanors.
Defendant pleaded not guilty to both complaints and the initial trial date was continued until May 4, 1999.
On April 27, 1999, defendant filed a motion to dismiss the cases on the basis that the juvenile court lacked jurisdiction because a "complaint" is an improper charge instrument in common pleas court. Defendant cited Crim.R. 7(A) which provides that, "[a] misdemeanor may be prosecuted by indictment or information in the court of common pleas * * *[.]" Defendant contended that the juvenile rules did not apply because, pursuant to Juv.R. 1(C)(2), such rules are inapplicable "[u]pon the trial of criminal actions."
The court ruled the criminal rules apply, not the juvenile rules, and concluded that these prosecutions should have been commenced by indictment or information. The state requested permission to amend the complaint to proceed by information, which request was denied by the court. The court concluded that, since there was no information signed by the prosecution and filed at the time of hearing, that the motion of defendant to dismiss the complaints should be granted.
The state now concedes that the criminal rules apply to these prosecutions in the juvenile court, a division of the court of common pleas.
Crim.R. 7(A), provides as follows:
Use of indictment or information.
* * *
 A misdemeanor may be prosecuted by indictment or information in the court of common pleas, or by complaint in courts inferior to the court of common pleas. An information may be filed without leave of court.
This rule makes clear that a complaint was not the proper way to initiate the charges in juvenile court against defendant. However, Crim.R. 7(D) entitled Amendment of Indictment Information or Complaint, provides as follows:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *
In this case, the prosecutor stated that he was ready to file an amendment to the complaints by way of information. The court rejected his request to do so, apparently because the amendment had not already been filed although the prosecutor had it ready, and did file it later that day.
The right to amend the charging instrument is virtually unlimited as long as there is no change in the name or identity in the crime charged with the provision that if the defendant is mislead or prejudiced that sufficient time be given to the defendant to prepare. Here there was no change in the name or identity or the crime charged, and there appears to be no prejudice to defendant.
"The manner by which an accused is charged with a crime, whether by indictment returned by grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional." State ex rel. Beauchamp v. Lazaroff (1997),77 Ohio St.3d 237, 238. The prosecution was desirous of correcting a technical procedural flaw in the charging instruments which correction should have been allowed even though the charge was from complaints which were not proper to information which is proper.
A second issue is, even though the complaint could be amended by way of information, must there be a waiver by defendant in order for the prosecution to proceed by information.
R.C. Section 2941.021 reads as follows:
 Any criminal offense which is not punishable by death or life imprisonment may be prosecuted by information filed in the common pleas court by the prosecuting attorney if the defendant, after he has been advised by the court of the nature of the charge against him and of his rights under the constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, prosecution by indictment.
The question is whether the requirement of waiver by the defendant is still applicable after the adoption of Crim.R. 7. Crim.R. 7(A) reiterates the requirement of a waiver that is set forth in R.C. 2941.021 for a felony, but provides unequivocally that a misdemeanor may be prosecuted by information filed without leave of court with no provision for waiver in regard to misdemeanor prosecutions by information.
Crim.R. 7(A) supercedes R.C. 2941.021, in regard to the conflict between the statute and rule concerning the necessity of a waiver or information to be used in a misdemeanor case. "According to Section 5(B), Article IV, Ohio Constitution, where a conflict exists between a rule and statute, the rule prevails if the right involved is procedural[.]" State v. Brown (1988),38 Ohio St.3d 305, 307. "The manner by which an accused is charged with a crime, whether by indictment * * * or by information * * * is strictly a matter of procedure." Wells v. Maxwell (1963),174 Ohio St. 198, 200.
However, contrary to this analysis, is the staff note contained to a proposed July 1, 2000 amendment to Crim.R. 7(A). The proposed amendment provides that a complaint may be used in juvenile court as defined in the rules of juvenile procedure to prosecute a misdemeanor as in courts inferior to the court of common pleas.
The staff note reads as follows:
Rule 7(A) Use of Indictment or Information.
 The July 1, 2000 amendment permits the prosecution of misdemeanor charges by complaint in the juvenile division of a common pleas court. Prior to this amendment, a misdemeanor could only be prosecuted in the common pleas court by an indictment or information.
 The impetus for the amendment was statutes holding parents criminally accountable for their children's chronic truancy. Since these charges are misdemeanors, prior to the amendment of this rule a parent could be prosecuted only by a grand jury indictment or an information. Obtaining a grand jury indictment is costly and time consuming, and a defendant must first waive indictment before an information can be used. This amendment, which limits the use of complaints to proceedings in juvenile court, is intended to help prosecutors and juvenile authorities handle truancy and other misdemeanor charges in a more expeditious and less costly manner than under the prior rule.
While it is desirable that a complaint be allowed in a juvenile court for misdemeanor prosecutions as provided by the amendment to Juv.R. 7(A), nevertheless we disagree with the staff note which states that, without the amendment, a defendant must first waive indictment in a misdemeanor case before an information can be used. As we have previously explained, Crim.R. 7(A) requires a waiver only in the event of a felony prosecution by information without any such limitation upon the use of an information in a misdemeanor case.
Appellant's assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Domestic Relations, Juvenile Division, is reversed and the case is remanded for prosecution of the charges based upon the information filed by the state in the cases.
Judgment reversed and cases remanded with instructions.
 ____________________ McCORMAC, J.
PETREE and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.