OPINION AND JOURNAL ENTRY
Petitioners James Goins and Chad Barnette each filed a petition for writ of habeas corpus in this court alleging that the Mahoning County Common Pleas Court is without jurisdiction to proceed against them and thus they are being unlawfully restrained in the Mahoning County Jail. For the following reasons, the petitions are denied.
 STATEMENT OF THE CASE
Petitioners were sixteen years old when complaints were filed against them in juvenile court alleging the following delinquent acts, ordered according to their counts: (1) attempted aggravated murder; (2) aggravated burglary; (3) aggravated robbery; (4) kidnapping; (5) aggravated burglary; (6) aggravated robbery; (7) aggravated robbery; (8) kidnapping; (9) kidnapping; (10) felonious assault; (11) felonious assault; and (12) receiving stolen property.
The prosecutor requested that petitioners be bound over to the general division as adults. The juvenile court held a preliminary probable cause hearing and a bindover hearing on February 22, 2001. The juvenile court found probable cause to believe that on January 29, 2001, eighty-three year old Mr. Sovak stepped outside his home only to be pushed back inside by two males. These attackers severely beat Mr. Sovak around the head and upper body with some kind of instrument. The attackers drug Mr. Sovak throughout his house and eventually locked him in the fruit cellar where police later found him by following a blood trail after calls from worried neighbors. Mr. Sovak identified petitioners in a photographic lineup at the hospital. His house keys were found in petitioner Barnette's jacket in the house of petitioner Goins.
The juvenile court also found that on the same evening, two males broke into the home of Mr. and Mrs. Luchisan. One was carrying what Mrs. Luchisan described as a sawed-off rifle or shotgun. Both residents were struck about the head with this weapon. Both attackers threatened the residents with use of the weapon if they did not give them money. One attacker led Mrs. Luchisan forcibly throughout the house, upstairs and downstairs, in search of money. Due to Mr. Luchisan's ill health the other attacker kept him in one room of the house. Just before the attackers left, Mrs. Luchisan heard a car horn, indicating that a third person was waiting outside. The attackers left with $200, a 27" television, and the Luchisan's automobile. At midnight, police chased the Luchisan's car and apprehended the two petitioners and the driver of the car and confiscated a sawed-off rifle.
After making these findings, the juvenile court found that probable cause existed regarding all counts except the three kidnapping counts, which were the result of the moving or restraining of each of the three victims. The reasoning behind the court's decision was that the victims were never moved from the place they were found as they were in their homes during the entirety of the incidents. The juvenile court then proceeded to announce its bindover decisions.
First, the court stated that bindover was mandatory on count one, attempted aggravated murder as per Mr. Sovak. The juvenile court must transfer jurisdiction of the case if there is probable cause that the juvenile committed a category one offense and the juvenile is sixteen years of age or older at the time of the offense. R.C. 2151.26(B)(3)(a). Attempted aggravated murder is a category one offense. R.C.2151.26(A)(1)(b).
The court then found that bindover was mandatory regarding counts five, six and seven, representing one count of aggravated burglary and two counts of aggravated robbery regarding the Luchisans. These three crimes are category two offenses. R.C. 2151.26(A)(2)(a). The juvenile court must transfer jurisdiction of the case if there is probable cause that the juvenile who is age sixteen or older committed a category two offense (other than kidnapping) and the juvenile is alleged to have had a firearm on or about the child's person or under the juvenile's control while committing the act charged and to have displayed, brandished, or indicated possession of the firearm or used the firearm to facilitate the offense. R.C. 2151.26(B)(4)(b).
The court concluded that only counts one, five, six and seven required mandatory bindover. Although counts two and three were category two offenses as they represented the aggravated burglary and aggravated robbery of Mr. Sovak, the juvenile court found that there was no allegation that the juveniles used a firearm in that attack and thus these two counts did not fall under the mandatory bindover provision. In transferring the case to the general division, the juvenile court stated that there are four mandatory bindovers and probable cause for five other felonies.
Upon transfer of the case, petitioners were indicted by the grand jury on all twelve original charges. Petitioners thereafter filed motions to dismiss their indictments on what appears to be three grounds. First, they allege that the general division lacked jurisdiction over petitioners with regards to the kidnapping counts that were not bound over from the juvenile court. Second, they argue that the bindover on counts five, six and seven were not mandatory because the allegation about having a firearm appears to rely on complicity and the mandatory bindover requires that the specific juvenile be alleged to have personally held the firearm. Third, they complain that the lack of a mental examination, as is required before a discretionary bindover to determine amenability to rehabilitation and danger to the public, created an improper bindover of the nonmandatory counts. The trial court denied the motion to dismiss.
Petitioners filed notices of appeal. They also filed these petitions for writs of habeas corpus on November 28, 2001. This court heard the action on December 4, 2001. The petitions allege that the trial court lacks jurisdiction as exclusive jurisdiction lies in the juvenile court due to an improper bindover hearing. See Johnson v. Timmerman-Cooper
(2001), 93 Ohio St.3d 614 (mentioning that habeas is a proper method of addressing improper bindover allegations). The petitions do not detail the reasons behind their argument but rely on the reasons set forth in their motions to dismiss which were filed and denied in the trial court and attached to their petitions.
 PROCEDURAL ISSUE: COMMITMENT PAPERS
The state filed a motion to dismiss the petitions. Initially, the state argues that the petitions are defective for failing to attach all pertinent commitment papers. Under R.C. 2725.04(D), "[a] copy of the cause of the commitment or cause of detention of such person shall be exhibited if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear." The case law interprets this to mean that a petition is fatally defective if the petitioner fails to attach "all pertinent commitment papers." State ex rel. Morris v. Leonard (1999),86 Ohio St.3d 624. See, also, Boyd v. Money (1998), 82 Ohio St.3d 388;Taylor v. Ohio Adult Parole Auth. (June 21, 2000), Noble App. No. 251, to be reported (Seventh District). The reason behind these holdings is that commitment papers are necessary for a complete understanding of the petition. Taylor, supra.
Petitioners attached the juvenile court's order which set bail at $100,000 and transferred jurisdiction to the general division. Petitioners also attached their motions to dismiss. The petitions state that the trial court denied their motions to dismiss on November 27, 2001 but that no journal entry had been filed at the time the petitions were filed. They claim that this order was what caused their continued illegal detention and that it could not be attached because to do so would impair the efficiency of the remedy under the exception to attachment in R.C.2725.04(D). Conversely, the state argues that the pertinent commitment paper would be the trial court's order entered after the arraignment stating, "bond is continued."
The initial "cause of detention" in this case was the juvenile court's order transferring the case and setting bail at $100,000. Admittedly, the trial court's statement after arraignment that "bond is continued" was the cause of continued detention. Yet, when the trial court denied the motions to dismiss which argued illegal detention, the cause of the petitioners' continued detention became that denial. The court's denial was not set forth in writing and filed at the time petitioners filed their petitions. The statute makes an exception to attaching the cause of commitment under circumstances such as these. Additionally, we have a complete understanding of the petitions and the cause of detention. Hence, we shall continue our analysis.
 MANDATORY BINDOVER DUE TO FIREARM
As aforementioned, bindover is mandatory if the juvenile court found probable cause to believe the juvenile committed a category two offense, the juvenile is at least sixteen, and the juvenile is alleged to have had a firearm on or about his person or under his control while committing the category two offense and to have displayed, brandished, indicated possession of or facilitated the offense with the firearm. R.C.2151.26(B)(4)(b). The juvenile court found probable cause to believe that the two sixteen year old juveniles committed aggravated burglary and two counts of aggravated robbery against the Luchisans. These two petitioners were identified through a photographic line-up as the two who beat Mr. Sovak, they were apprehended while riding in the Luchisans vehicle, and thus, the court found probable cause to believe they personally attacked the Luchisans. The juveniles were alleged to have had a sawed-off rifle which they used to commit the burglary and the robbery. The court found that both juveniles threatened to shoot the Luchisans and both juveniles terrorized the Luchisans who were both struck in the head with the firearm. The allegation was that both personally controlled and used the firearm to facilitate the offense. The theory was not that one specifically identified juvenile controlled and used the firearm and the other watched. As such, there is no violation of the case law prohibiting mandatory bindover through R.C. 2151.26 (B)(4)(b) based on an accomplice's use of a gun. See, e.g., Johnson, 93 Ohio St.3d 614; Statev. Hanning (2000), 89 Ohio St.3d 86.
Accordingly, the mandatory bindover of these three counts was not improper. Regardless, mandatory bindover was proper regarding count one, which represents the category one offense of attempted aggravated murder. R.C. 2151.26(A)(1)(b). A category one offense carries with it mandatory bindover if there is probable cause that the juvenile committed it, personally or through complicity, and the juvenile was at least sixteen. R.C. 2151.26(B)(3)(a). See Agee v. Russell (2001),92 Ohio St.3d 540, 546-548 (holding that although Hanning states that the mandatory bindover in R.C. 2151.26(B)(4)(b) regarding a firearm cannot rely solely on accomplice liability, a mandatory bindover under R.C.2151.26 (B)(3) may rely on accomplice liability).
In this case, the court found probable cause to believe that both sixteen year old juveniles personally attempted to commit aggravated murder upon Mr. Sovak. Thus, the mandatory bindover of this count was proper. As will be explained infra, the existence of a mandatory bindover allows the court to bindover certain other counts in an abbreviated manner.
 BINDOVER OF NONMANDATORY COUNTS WITHOUT A MENTAL EXAMINATION
It appears that petitioners argue that the juvenile court's transfer of jurisdiction on counts which did not require mandatory bindover was improper because the court failed to order a mental examination. Pursuant to R.C. 2151.26(C)(1), the court has discretion to bind certain juveniles over for acts that would be a felony if committed by an adult. Besides finding that there is probable cause to believe a juvenile aged at least fourteen committed the act, the court must determine that there are reasonable grounds to believe the juvenile is not amenable to rehabilitation in the juvenile system and public safety requires commitment longer than the juvenile's period of minority. R.C.2151.26(C)(1)(a), (b), (c)(I), (ii). Before making this decision, a mental examination must be performed on the juvenile. R.C.2151.26(C)(1)(c).
However, there exists a statutory exception to this rule. When one or more complaints are filed against a juvenile alleging two or more offenses, the court must first determine the existence of mandatory bindover counts. R.C. 2151.26(C)(4)(a). Then, the court can transfer remaining charges pursuant to its discretionary authority if: there is probable cause to believe the juvenile committed the act; the act would be a felony if committed by an adult; and the juvenile was at least fourteen. R.C. 2151.26(C) (4)(b). The statute specifically states that the court is not required to consider any other factor or conduct a mental examination. R.C. 2151.26(C)(4)(b).
In this case, the juvenile court found probable cause regarding all counts except kidnapping. The juveniles were sixteen. All counts were felonies. Accordingly, the juvenile court properly transferred jurisdiction to the general division on all nine counts.
 GRAND JURY INDICTMENT FOR CRIMES NOT BOUND OVER
In its bindover judgment entry, the juvenile court stated that it makes no probable cause finding on the kidnapping charges in counts four, eight and nine. Rather than make a discretionary probable cause decision, the juvenile court actually made a statement of the law on kidnapping by saying that pushing a man into his house when he steps outside, dragging him around the house, and locking him in a fruit cellar is not kidnapping because it occurred on his own property where he was first found by the offenders. The court also decided that kidnapping is not committed when offenders drag a woman around the house in search of money and force her husband to stay in a room while the search was conducted. Because of the court's legal construction of the definition of kidnapping, these counts were not bound over.
When the evidence was presented to the grand jury, they indicted petitioners for all bound over crimes plus three counts of kidnapping. We note that the argument is not one of res judicata on the probable cause determination as prosecutors are not prohibited from further prosecution by a court's preliminary hearing finding of no probable cause. Crim.R. 5(A); State v. Cousin (1982), 5 Ohio App.3d 32, 41-42 (Whiteside, J., concurring). Rather, petitioners argue that the general division is without jurisdiction to proceed against them and hold them on these counts when the juvenile court has exclusive jurisdiction on any crimes committed by a juvenile that were not bound over. The question presented is whether a grand jury can indict a juvenile for offenses which were not bound over from the juvenile court.
According to State v. Adams (1982), 69 Ohio St.2d 120, the grand jury can originate charges and return any indictment proper under the facts submitted to it even in a juvenile case where the grand jury indicts on crimes that were not bound over from juvenile court. However, that case was decided prior to the addition of sections (B) and (C) of R.C. 2151.26
which provide the procedure and requirements for binding over offenses. In fact, the legislature disclosed its intent in enacting these sections was to overrule Adams regarding the effect of binding over a child for trial as an adult. See Section 3(B) of Am.Sub.H.B. No. 1. Yet, the legislative intent to overrule Adams may have been regarding the specific holding in Adams that once a child is bound over, juvenile court loses jurisdiction for later committed crimes. Nonetheless, when a grand jury indicts a juvenile for crimes not bound over that arise from the facts presented to them, problems arise, such as indictment for crimes that definitely occurred but that the juvenile court kept on its docket (under its discretionary power to not bindover certain crimes) and set for adjudicatory hearing.
Regardless, the Ohio Supreme Court has specifically stated that habeas is not the proper method to address this issue. State ex rel. Fryersonv. Tate (1999), 84 Ohio St.3d 481. In Fryerson, the juvenile court transferred Fryerson on charges involving only one victim, but he was indicted and then prosecuted in the general division on crimes involving another victim. Thus, Fryerson filed a petition for a writ of habeas corpus in this court. We held that he had an adequate legal remedy and dismissed the petition. State ex rel. Fryerson v. Tate (Oct. 24, 1997), Belmont App. No. 97BA38, unreported. The Supreme Court affirmed our decision and narrowly decided that Fryerson's scenario did not fit into the limited habeas exception created for cases involving an improper bindover. Id. at 485-486. The Court noted that the bindover was proper regarding the crimes for which he was bound over. Id. at 485. The Court mentioned that possible error occurred when the defendant was indicted and prosecuted for other crimes. Id. However, because the bindover was proper, the Court concluded that the extraordinary relief of habeas was not available due to the adequate remedy that exists in the ordinary course of the law, that being direct appeal of his indictment and conviction. Id. at 485-486. Under this authority we are precluded from addressing petitioners' kidnapping arguments in this habeas petition.
We do note that the dissenting justice in Fryerson wanted to hear the merits of the petition and would have granted the writ on the basis that the general division lacked jurisdiction over the juvenile on crimes which were not bound over. Id. at 486-488 (Cook, J., dissenting). Two other justices concurred in the dissenting opinion. The four justices in the majority did not opine about the existence of error other than to say it was possibly error. Id. at 485-486. See, also, State ex rel. Fryersonv. Tate (1999), 85 Ohio St.3d 1448 (where the Supreme Court refused to reconsider its decision dismissing the petition).
As for subsequent history of the case, in State v. Fryerson (Feb. 10, 2000), Cuyahoga App. No. 71683, unreported, the Eighth Appellate District addressed Fryerson's claim by way of appeal and held that the general division did not have authority to hear the charges that were not the basis of the bindover by the juvenile court. Id. at 4-5. In State v.Bruno (Feb. 28, 2001), Cuyahoga App. No. CR-375467A, unreported, the Eighth Appellate District then distinguished a case from Fryerson. InBruno, the defendant was bound over for murder and then indicted for aggravated murder. That court held that "the common pleas court has jurisdiction over a charge different from that bound over as long as thecharge is derived from the charged act which is the basis of thetransfer." Id. at 3 (emphasis added).
This case is distinguishable from both Fryerson and Bruno. UnlikeFryerson, the non-bound over offenses (kidnapping in this case) occurred at the same time as the bound over offenses. Unlike Bruno, the non-bound over offenses (kidnapping in this case) is not a substitute for the bound over offense. Additionally, in this case, the juvenile court specifically found no probable cause to support the kidnapping. The state should further research the issue and determine if it wishes to proceed on the kidnapping charges or whether it should re-present those charges to the juvenile court supported by case law defining kidnapping.
We do note that in Agee, the facts as set forth in the Supreme Court opinion establish that Agee was bound over on aggravated murder, aggravated robbery and attendant firearm specifications but was indicted by the grand jury for these crimes plus aggravated burglary. The Supreme Court denied habeas relief after rejecting Agee's argument that complicity cannot be used to conduct a mandatory bindover on a category one offense. Agee, 92 Ohio St.3d 540. Although the Court did not mention error in indicting on a crime not bound over, the issue was not raised by Agee. Id. See, also, State v. Iacona (2001), 93 Ohio St.3d 83 (where the defendant was indicted on crimes not bound over but where the issue was not raised or addressed by the Supreme Court and where these extra charges may have been lesser included offenses of the bound over charge). Hence, the existence of that fact pattern in a Supreme Court case does not imply that this prosecutorial technique is proper.
Finally, the petitions contain a sentence contending that their bail is excessive. No support for this allegation is before this court in any of the filings submitted. At the hearing, counsel stated that the indigency of one petitioner is established by recognizing that counsel was appointed. As for the other petitioner, counsel mentioned that he has a trust fund from which the probate court distributes funds for attorney fees; counsel then opined that the probate court is unlikely to distribute money for bail. The financial status of petitioners is only one relevant factor in determining the excessiveness of bail. No evidence was presented on the other relevant factors such as flight risk and danger to the public. Hence, the excessive bail argument is without merit.
For the foregoing reasons, the petitions for writs of habeas corpus are denied.
VUKOVICH, P.J., concurs.
DONOFRIO, J., concurs.
DeGENARO, J., concurs.