[Cite as *State ex rel. Thomas v. Sheldon*, 2016-Ohio-7642.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

**STATE OF OHIO,  EX REL.,**
**LEWIS THOMAS, III,**

    **PETITIONER-APPELLANT,**

    **v.**

**EDWARD T. SHELDON,**

    **RESPONDENT-APPELLEE.**

**CASE NO. 1-16-26**

**O P I N I O N**

Appeal from Allen County Common Pleas Court

Trial Court No. CV2015 0424

**Judgment Affirmed**

Date of Decision:  November 7, 2016

**APPEARANCES:**

    *Lewis Thomas, III,* **Appellant**

    *Paul Kerridge* **for Appellee**

**WILLAMOWSKI, J**.

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Petitioner-Appellant Lewis Thomas III ("Thomas") filed a petition for a writ of habeas corpus with the Court of Common Pleas of Allen County and now appeals the decision of the trial court to grant the state's motion for summary judgment. For the reasons set forth below, the judgment of the lower court is affirmed.

{¶2} In 1988, a Hamilton County Trial Court found Thomas guilty of aggravated murder, aggravated robbery, and felonious assault. Doc. 1. On September 2, 1994, Thomas submitted a petition for a writ of habeas corpus, attacking the jurisdiction of the trial court on the grounds that his indictment was invalid. Doc. 8. The Fourth District Court of Appeals concluded that the trial court did have proper jurisdiction and dismissed his petition on the merits. *Id*. On appeal, the Ohio Supreme Court affirmed this decision. *Thomas v. Collins*, 74 Ohio St.3d 413, 659 N.E.2d 790 (1996).

{¶3} On July 13, 2015, Thomas submitted the habeas corpus petition now before this court. Doc. 1. In this petition, Thomas again asserts that his indictment was invalid, depriving the trial court of jurisdiction over his case in 1988. *Id*. In response, the state submitted a motion for summary judgment. The trial court granted this motion for summary judgment, finding that res judicata precluded review of this petition and that Thomas "had an adequate remedy in the ordinary

course of law." *State of Ohio, ex rel. Thomas v. Sheldon*, Allen C.P. No. CV2015 0424 (May 25, 2016). Thomas raises one assignment of error on appeal.

> **Appellant was denied Due Process, the Court erred when it failed in its judgment to establish the Merit of Writ in which the appellant claimed lack of jurisdiction over the subject matter. Usurped without legal authority by [the trial court], and granted summary judgment motion on grounds appellant claimed his indictment was invalid.**

{¶4} "Generally, when the petitioner does not attack the jurisdiction of the court, habeas corpus will be denied." *Luna v. Russell*, 70 Ohio St.3d 561, 561, 639 N.E.2d 1168 (1994), citing *Stahl v. Shoemaker*, 50 Ohio St.2d 351, 364 N.E.2d 286 (1977) and R.C. 2725.05. "The manner by which an accused is charged with a crime is procedural rather than jurisdictional." *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590, 591 (1998), citing *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St.3d 237, 673 N.E.2d 1273 (1997). While "habeas corpus relief may be granted for nonjurisdictional claims," this relief is available only when "the petitioner has no adequate remedy at law." *Thomas* at 414, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 635 N.E.2d 26 (1994). For issues with an indictment, direct appeal is an adequate remedy at law. *Id*. A claim "[attacking] the validity***of [an] indictment***is not cognizable in habeas corpus." *Shie v. Leonard*, 84 Ohio St.3d 160, 161, 702 N.E.2d 419 (1998).

{¶5} Further, the doctrine of res judicata "hold[s] that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising

out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp*., 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "Res judicata applies to successive habeas corpus petitions because habeas corpus petitioners can appeal adverse judgments on habeas corpus cases." *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 147, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 10, citing *Hudlin v. Alexander*, 63 Ohio St.3d 153, 586 N.E.2d 86 (1992). Successive habeas corpus petitions are precluded when the petitioner "could have raised the same claims in [a] previous petition." *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr*., 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002).

{¶6} In his sole assignment of error, Thomas challenges the validity of the indictment returned by the grand jury against him in 1988. This claim concerns a procedural issue that does not affect the jurisdiction of the trial court. Thomas was bound by the judgment of the trial court after his conviction, which he then appealed shortly thereafter in 1988. Doc. 1. See *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St.3d 237, 673 N.E.2d 1273 (1997). Since the validity of an indictment can be challenged on appeal, Thomas had an adequate remedy at law available to him. Thus, Thomas cannot use habeas corpus to challenge the validity of his indictment, and his claim is not cognizable in habeas corpus.

{¶7} Further, the instant case involves the third habeas corpus petition that Thomas has filed since his incarceration. Each successive petition has raised matters that could have been asserted previously. On September 2, 1994, Thomas

filed his first habeas corpus petition, which challenged the "relationship of the indictment to the evidence." *Thomas v. Collins*, 74 Ohio St.3d 413, 414, 659 N.E.2d 790 (1996). On appeal, the Supreme Court of Ohio held that Thomas's right to appeal issues related to his indictment was an adequate remedy at law, making habeas corpus relief unavailable. *Id.* In the instant petition, Thomas raises a claim that was argued in his previous habeas corpus petition. In its ruling, the Ohio Supreme Court settled the issues relating to his indictment. *Id.* Since res judicata bars claims that could have been raised or claims that were heard previously, this doctrine bars consideration of his present claim.

{¶8} Having found no error prejudicial to the appellant, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**