[Cite as *State v. Doll*, 2017-Ohio-760.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-10 |
| | : | |
| v. | : | T.C. NO. 15CR557 |
| | : | |
| JEREMY DOLL | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___3rd___ day of _____March_____, 2017.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No.0090868, 201 W. Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

BENJAMIN W. ELLIS, Atty. Reg. No. 0092449, 52 Marco Lane, Centerville, Ohio 45458
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Appellant, Jeremy Doll, appeared for a Plea Hearing and Waiver of Grand Jury Hearing on March 10, 2016.   At the hearing, Doll waived his right to be indicted by a grand jury, and, pursuant to a plea agreement with the State, pled guilty to a charge of Robbery, a third-degree felony in violation of R.C. 2911.02(A)(3), which was brought by a bill of information.   The trial court found Doll guilty, set a $50,000 bond, and ordered a

pre-sentence investigation report.

{¶ 2} On April 25, 2016, Doll appeared for a Sentencing Hearing for his robbery charge, as well as a separate felony non-support charge for which he appeared with separate counsel. After reviewing the pre-sentence investigation report, Doll's criminal history, statements by defense counsel, the State, and Doll, the court sentenced Doll to the maximum 36-month term for Robbery with a 141-day credit, three-year mandatory post release control, and $280.50 in court costs.

{¶ 3} Doll's Notice of Appeal with respect to the Robbery charge was filed on May 24, 2016. On October 24, 2016, appointed appellate counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which it was represented that, after review of the record, counsel could find no arguably meritorious issues to present on appeal. Appellate counsel presented two possible issues for review: (1) whether the trial court erred in accepting Doll's waiver of indictment before advising him of the nature of the charge against him; (2) whether Doll's trial counsel was ineffective for failing to file an affidavit of indigency prior to the Sentencing Hearing. By magistrate's order on October 31, 2016, we informed Doll that his counsel had filed an *Anders* brief, and the significance of such. We invited Doll to file a pro se brief assigning any error for our review within sixty days of October 31, 2016. No such brief has been filed with this court.

{¶ 4} Pursuant to our responsibilities under *Anders*, we have conducted an independent review of the entire record and, having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues to present on appeal.

{¶ 5}   Regarding Doll's waiver of grand jury indictment, the record reveals that the trial court did advise Doll as to the nature of the Robbery charge, as the court engaged Doll in a colloquy explaining his constitutional right to be charged by indictment and advised him that "the proposed bill of information charges you with Robbery as a felony of the third degree."   Waiver of Grand Jury Hearing, Tr. 4.   Further, Doll acknowledged during the subsequent plea colloquy at the same hearing that his counsel had sufficiently discussed the Robbery charge with him. Tr. 9.

{¶ 6} The record establishes that Doll voluntarily entered a plea of guilty to the third-degree Robbery charge, which effectively waives Doll's right to contest non-jurisdictional defects that have occurred prior to the plea being entered.   *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).   Because the manner by which an accused is charged with a crime is procedural rather than jurisdictional, Doll waived his right to a direct appeal of any defects in the Information.   *State ex rel. Beauchamp v. Lazaroff*, 77 Ohio St.3d 237, 238, 673 N.E.2d 1273 (1997);   *State v. Hill*, 8th Dist. Cuyahoga No. 61685, 1993 WL 27640 (Feb. 4, 1993).

{¶ 7}   The record also reveals no arguable merit to the issue regarding Doll's trial counsel's failure to timely file an affidavit of indigency.   To substantiate such a claim, one must show that counsel's performance was deficient and that such deficiency resulted in prejudice to the defendant.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   Counsel's failure to file a timely affidavit of indigency may be deemed sufficient for an ineffective assistance of counsel claim where the record shows a reasonable probability that, had the affidavit been filed, the trial court would have found the defendant indigent and would have exercised its discretion to waive the fine/costs.

*State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099.

{¶ 8} Here, the transcript from the Sentencing Hearing reveals that defense counsel indicated to the court that Doll would have two available places of employment if he were to be released and asked the court to waive the court costs and fines in the event that Doll was given a sentence of imprisonment. Further, the transcript shows that the trial court indicated that it had reviewed the pre-sentence investigation report "extensively." Tr. 11. The pre-sentence investigation report shows that Doll has recently held jobs as a laborer and a cook, and that Doll does not suffer from any conditions that would impair his ability to seek employment. Finally, during sentencing, the trial court acknowledged defense counsel's request for a waiver of court costs and fines, and did not order a fine or impose restitution, and solely ordered Doll to pay court costs on both cases in the amount of $280.50 pursuant to R.C. 2947.23.

{¶ 9} Thus, we cannot find that there is a reasonable probability that the trial court would have found Doll indigent and waived the court costs had trial counsel filed an affidavit of indigency prior to sentencing. Therefore, there is no arguable merit to the claim of ineffective assistance of counsel.

{¶ 10} Accordingly, the judgment appealed from is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.

Copies mailed to:

Paul M. Watkins
Benjamin W. Ellis
Jeremy Doll
Hon. Jeannine N. Pratt