[Cite as *State v. Padgett*, 2019-Ohio-174.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 107015 and 107016**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHAD X. PADGETT**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-598191-A and CR-16-611486-A

**BEFORE:** E.T. Gallagher, P.J., Blackmon, J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
2200 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Jennifer King
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} In this consolidated appeal, defendant-appellant, Chad Padgett, appeals his convictions and claims the following three errors:

> 1.  The trial court erred when it failed to notify Padgett at his plea hearing that postrelease control would be mandatory.  This violated Crim.R. 11(C)(2)(a) and rendered Padgett's guilty pleas not knowing, intelligent, or voluntary.
>
> 2.  The trial court erred when it failed to notify Padgett that the firearm specification required a mandatory prison term of three years.  This violated Crim.R. 11(C)(2) and made the pleas not knowing, intelligent, or voluntary.
>
> 3.  The trial court did not comply with Crim.R. 7(A) and R.C. 2941.021 when it failed to fully explain Padgett's right to have his case presented to the grand jury.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I.   Facts and Procedural History

{¶3} In Cuyahoga C.P. No. CR-15-598191-A, Padgett was charged by way of indictment with one count of aggravated murder in violation of R.C. 2903.01(A), one count of conspiracy to commit murder in violation of R.C. 2923.01, one count of murder in violation of R.C. 2903.02, and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2). During plea negotiations, Padgett was charged by way of information in Cuyahoga C.P. No. CR-16-611486-A, with one count of aggravated robbery in violation of R.C. 2911.01(A)(3), and one count of kidnapping in violation of R.C. 2905.01(A)(3).

{¶4} Pursuant to a plea agreement, the state amended the aggravated murder charge alleged in Count 1 of the indictment to involuntary manslaughter in violation of R.C. 2903.04(A) and agreed to nolle the murder and felonious assault charges in exchange for Padgett's testimony against codefendants Christopher N. Hein, Ryan L. Dorty, and Uloma Walker-Curry at trial. The plea agreement also included a recommended agreed sentence of 28 years in prison, and Padgett agreed to waive any legal argument regarding the merger of allied offenses.

{¶5} At the plea hearing, Padgett indicated that he waived his right to presentment of charges to the grand jury in Case No. CR-16-611486-A. The trial court accepted Padgett's signed waiver and confirmed that he discussed it with his trial counsel before signing it. After the state reviewed the terms of the plea agreement on the record, the trial court advised Padgett of the constitutional rights he was waiving by virtue of his guilty pleas and confirmed that Padgett understood those rights.

{¶6} In Case No. CR-15-598191-A, Padgett pleaded guilty to the amended count of involuntary manslaughter, which included a three-year firearm specification. The court informed Padgett that he was required to serve the three-year prison term on the firearm

specification prior to, and consecutive to, the sentence on the involuntary manslaughter charge. Padgett indicated that he understood this fact. (Tr. 11.)

{¶7} Padgett also pleaded guilty to the conspiracy charge, which had been amended to delete the attendant firearm specifications. The court advised Padgett that the potential sentences on both the involuntary manslaughter and conspiracy charges ranged from 3 to 11 years and that both charges carried possible fines of up to $20,000. Padgett indicated that he understood these potential penalties.

{¶8} In Case No. CR-16-611486-A, Padgett pleaded guilty to the aggravated robbery and kidnapping charges alleged in the information. Again, the court informed Padgett that both charges were punishable by prison terms of anywhere between 3 and 11 years and that both charges included fines of up to $20,000. Padgett indicated that he understood these possible penalties.

{¶9} Upon inquiry by the trial court, Padgett stated that he understood all the penalties he faced as a result of his guilty pleas. The court further confirmed that Padgett understood his agreed sentence:

> THE COURT: And I know there's an agreed recommended sentence of 28 years aggregate. You understand that as well, correct?
>
> THE DEFENDANT: Yes, sir.

(Tr. 12.)

{¶10} The trial court accepted Padgett's guilty pleas and found him guilty. At a later date, after Padgett had testified against his codefendants, the court sentenced him to 11 years on the involuntary manslaughter charge plus three years on the attendant gun specification, and 11 years on the conspiracy charge, to be served consecutively. Thus, Padgett received an aggregate

25-year consecutive sentence for his convictions in Case No. CR-15-598191-A. With respect to the charges in Case No. CR-16-611486-A, the court sentenced Padgett to three years on the aggravated robbery charge and three years on the kidnapping charge to be served concurrently with each other and consecutive to the 25-year sentence in Case No. CR-15-598191-A, for an aggregate 28-year sentence. This appeal followed.

## II. Law and Analysis

### A. Guilty Pleas

{¶11} In the first assignment of error, Padgett argues his guilty pleas were not knowingly, intelligently, or voluntarily made because the trial court failed to explain the mandatory nature of the postrelease control he would be subject to upon release from prison. In the second assignment of error, Padgett similarly argues his guilty pleas were not knowingly, intelligently, or voluntarily made because the trial court failed to explain that the gun specifications attendant to the involuntary manslaughter charge required a mandatory three-year prison term. We discuss these assigned errors together.

{¶12} In considering whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7.

{¶13} Crim.R. 11(C) provides that a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

**{¶14}** Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure (1) that the plea is voluntary, with the understanding of the nature of the charges and the maximum penalty involved and, if applicable, that the defendant is not eligible for community control sanctions; (2) that the defendant understands the effect of his or her plea; and (3) that the defendant understands the constitutional rights he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(a)-(c); *see*, *e.g.*, *State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

**{¶15}** Strict compliance by the trial court is required for the waiver of the constitutional rights set forth under Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and is therefore invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

**{¶16}** With respect to the nonconstitutional rights described in Crim.R. 11(C)(2)(a), such as the right to be informed of the maximum penalty involved, substantial compliance with the rule is generally sufficient. *Veney* at ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart* at 92-93. "[A] slight deviation from the text of the rule is permissible; so long as the totality of the

circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Clark* at ¶ 31, quoting *Nero* at 108.

{¶17} Furthermore, a trial court's failure to properly advise a defendant of his nonconstitutional rights will not invalidate a plea unless the defendant demonstrates prejudice. *Nero* at 108. The test for prejudice is whether the plea would have otherwise been made. *Id.*

{¶18} It is undisputed that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c), and that Padgett understood the waiver of his constitutional rights. He contends the court failed to explain that he would be subject to a mandatory period of postrelease control following his release from prison. In support of this argument, Padgett relies on the Ohio Supreme Court's decision in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, and this court's decision in *State v. Yarochovitch*, 8th Dist. Cuyahoga No. 104572, 2017-Ohio-4293.

{¶19} In *Sarkozy*, the Ohio Supreme Court held that "[i]f the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause." *Id.* at paragraph two of the syllabus. However, the trial courts in both *Sarkozy* and *Yarochovitch* completely failed to mention postrelease control during the Crim.R. 11 colloquy. *Id.* at ¶ 22; *Yarochovitch* at ¶ 9. The trial courts in those cases failed to substantially comply with their obligation to explain the maximum penalties the defendants could receive as a result of their guilty pleas, and the defendants' guilty pleas had to be vacated.

{¶20} By contrast, the trial court in this case not only explained that Padgett would be subject to five years of postrelease control; it also explained the consequences of violating postrelease control. The trial court stated:

> THE COURT: Furthermore, upon leaving prison, you would be subject to post[-]release control for a period of five years.   Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if you violate the terms of your supervision under post[-]release control, an additional prison term up to half the original stated term can be imposed.   Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Tr. 12-13.)   The trial court did not suggest that postrelease control may be discretionary; it explained that five years of postrelease control would be imposed if Padgett pleaded guilty to the charges in the amended indictment and information. Padgett informed the court that he understood the terms of postrelease control, and the trial court confirmed that understanding by asking if he had any questions, to which Padgett replied, "No, sir."   (Tr.13.)   Therefore, under the totality of the circumstances, we conclude that Padgett subjectively understood the mandatory nature of postrelease control.

{¶21} Similarly, with respect the mandatory three years on the gun specifications, the trial court informed Padgett as follows:

> THE COURT: Furthermore, there is a three-year firearm specification associated with that count.   That three years would have to be served prior and consecutive to any additional — or the time on the underlying count.  Do you understand that?   It's three years on the firearm spec—
>
> THE DEFENDANT: Yes.
>
> THE COURT: — and then the time to be served after that —
>
> THE DEFENDANT: Okay.

(Tr. 11.)   The trial court did not use the word "mandatory" to explain the fact that a three-year prison term was required to be served for the gun specifications in addition to the sentence on the underlying charge.   However, the court explained the mandatory nature of the three-year prison

term by explaining that the "three years would have to be served prior and consecutive to * * * the underlying count."   The trial court substantially complied with its obligation to explain that a three-year prison term on the gun specification was part of the maximum penalty he could receive by virtue of his guilty plea.   Therefore, the record reflects that Padgett entered his guilty pleas knowingly, intelligently, and voluntarily.

{¶22} The first and second assignments of error are overruled.

### B.   Waiver of Grand Jury

{¶23} In the third assignment of error, Padgett asserts that his right to a grand jury was violated because the trial court failed to notify him of the nature of the charges against him when he executed the grand jury waiver.   He contends the court's acknowledgment of a signed waiver on the record fails to satisfy the requirements set forth in Crim.R. 7(A) and R.C. 2941.021.

{¶24} Ohio Constitution, Article I, Section 10, provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury."   Thus, "the Ohio Constitution guarantees an accused that the essential facts constituting the offense for which he is tried will be found in the indictment by the grand jury." *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 14, citing *Harris v. State*, 125 Ohio St. 257, 264, 181 N.E. 104 (1932).

{¶25} Crim.R. 7(A) provides, in relevant part:

> A felony that may be punished by death or life imprisonment shall be prosecuted by indictment.   All other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court.

R.C. 2941.021 similarly provides that a defendant may be prosecuted by information "after he has been advised by the court of the nature of the charge against him and of his rights under the

constitution, is represented by counsel or has affirmatively waived counsel by waiver in writing and in open court, waives in writing and in open court prosecution by indictment."

{¶26} The trial court did not explain the nature of the charges in the information in open court and on the record before Padgett signed the waiver and, therefore, failed to comply with Crim.R. 7(A) and R.C. 2941.021. However, by knowingly, intelligently, and voluntarily pleading guilty to the charges, Padgett waived his right to contest nonjurisdictional defects that occurred before the plea was entered. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional. *State ex rel. Beaucamp v. Lazaroff*, 77 Ohio St.3d 237, 238, 673 N.E.2d 1273 (1997), citing *Wells v. Maxwell*, 174 Ohio St. 198, 200, 188 N.E.2d 160 (1963). Thus, by pleading guilty, Padgett waived his right to challenge any defects in the manner in which he waived his right to a grand jury indictment. *Stacy v. Van Coren*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969); *State v. Mays*, 8th Dist. Cuyahoga No. 99150, 2013-Ohio-4031; *State v. Hill*, 8th Dist. Cuyahoga No. 61685, 1993 Ohio App. LEXIS 641 (Feb. 4, 1993).

{¶27} Therefore, the third assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
KATHLEEN ANN KEOUGH, J., CONCUR