**[Cite as *State v. Savage*, 2021-Ohio-1549.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                    Court of Appeals No. L-20-1073

       Appellee                Trial Court No. CR0201902218

v.

Thomas E. Savage IV          **DECISION AND JUDGMENT**

       Appellant             Decided: April 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Thomas E. Savage IV, appeals the judgment entered by the Lucas

County Common Pleas Court on March 10, 2020, convicting him on two counts of

involuntary manslaughter, with firearm specification R.C. 2941.145(A) and (B), a

violation of R.C. 2903.04(A) and (C), a felony of the first degree, two counts of

improperly discharging a firearm at or into a habitation, with firearm specification R.C. 2941.145(A),(B),(C), and (F), in violation of R.C. 2923.161(A)(1),(C), a felony of the second degree, and one count of having weapons while under disability, a violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree, and sentencing him to an aggregate minimum prison term of 48 and one-half years and an aggregate indefinite maximum prison term of 53 and one-half years. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellant sets forth the following assignments of error:

I. The Bill of Information was invalid because it was filed before the Waiver of Prosecution by Indictment.

II. As amended by the Reagan Tokes Act, the Revised Code's sentences for first and second-degree qualifying felonies violates the constitutions of the United States and the State of Ohio.

**Statement of the Case and Facts**

{¶ 3} On February 21, 2020, appellant entered a plea of guilty to two counts of involuntary manslaughter, with firearm specification R.C. 2941.145(A) and (B), a violation of R.C. 2903.04(A) and (C), a felony of the first degree (Count 11 and Count 12); two counts of improperly discharging a firearm at or into a habitation, with firearm specification R.C. 2941.145(A),(B),(C), and (F), in violation of R.C. 2923.161(A)(1),(C), a felony of the second degree (Count 6 and Count 7); and one count of having weapons while under disability, a violation of R.C. 2923.13(A)(2) and (B), a felony of the third

2.

degree (Count 9). At the time of the plea, the court discussed all of the trial rights that appellant would be giving up by entering his plea. The judge also discussed the potential sentences that could be imposed. Appellant stated that he understood his rights and the potential sentences.

{¶ 4} The court advised appellant that since he had a qualifying felony, the Reagan Tokes Act (Am.Sub.S.B. No. 201) would apply, which would result in appellant receiving an indefinite sentence as part of his overall sentence. Defense counsel objected to the imposition of the Reagan Tokes Act. Noting the objection, the court nevertheless upheld the law's applicability.

{¶ 5} On March 6, 2020, the court sentenced appellant to serve 7 years in prison as to Counts 6 and 7; 30 months in prison as to Count 9; and 10 years in prison as to Count 12. As to Count 11, appellant was sentenced to serve an indefinite term of a minimum of 10 years to a maximum of 15 years in prison. An additional term of 3 years was imposed as to Counts 6, 7, 11, and 12, "as a mandatory and consecutive term pursuant to R.C. 2929.14(C)(1)(a)," and all were ordered to be served "consecutive to each other". Counts 6, 7, 9, 11, and 12 were also ordered to be served consecutively, for a total prison term of 48 and one-half to 53 and one-half years.

{¶ 6} Appellant argues in his first assignment of error that the bill of information was invalid in this case, because it was filed before the waiver of prosecution by indictment. Review of the record reveals that the bill of information was filed on February 20, 2020. And, indeed, it was not until the next day, February 21, 2020, that

3.

appellant executed a waiver of prosecution by indictment in open court and in writing. The written waiver was filed with the clerk on February 24, 2020.

{¶ 7} Crim.R. 7(A) provides that "[a] felony that may be punished by death or life imprisonment shall be prosecuted by indictment[;] [a]ll other felonies shall be prosecuted by indictment, except that after a defendant has been advised by the court of the nature of the charge against the defendant and of the defendant's right to indictment, the defendant may waive that right in writing and in open court." R.C. 2941.03 sets forth the requirements for a valid bill of information, as follows:

An indictment or information is sufficient if it can be understood therefrom:

(A) That it is entitled in a court having authority to receive it, though the name of the court is not stated;

(B) If it is an indictment, that it was found by a grand jury of the county in which the court was held, or if it is an information, that it was subscribed and presented to the court by the prosecuting attorney of the county in which the court is held;

(C) That the defendant is named, or if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is unknown to the jury or prosecuting attorney, but no name shall be stated in addition to one necessary to identify the accused;

(D) That an offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein;

(E) That the offense was committed at some time prior to the time of finding of the indictment or filing of the information.

{¶ 8} In this case, the trial court fully explained to appellant the nature of the charges contained in the information, and did so on the record and in open court prior to appellant signing the written waiver. Thus, the trial court fully complied with Crim.R. 7(A). In addition, there is no evidence or allegation to suggest that there was any lack of compliance with respect to R.C. 2941.03.

{¶ 9} A defendant who knowingly, intelligently, and voluntarily pleads guilty to the charges waives his right to contest any nonjurisdictional defects that occurred before the plea was entered. *See State v. Padgett*, 8th Dist. Cuyahoga App. Nos. 107015 and 107016, 2019-Ohio-174, ¶ 26. The law is clear that "[t]he manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional." *Id.* (Citations omitted.)

{¶ 10} Applying the law to the facts of this case, we find that when appellant knowingly, intelligently, and voluntarily waived prosecution by indictment on the record and pleaded guilty to the charges (pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)), he waived his right to contest the alleged procedural

5.

defects that occurred before the plea was entered. Accordingly, we find appellant's first assignment of error is found not well-taken.

{¶ 11} In his second assignment of error, appellant challenges the constitutionality of the Reagan Tokes Act. Specifically, he challenges the presumptive release feature of R.C. 2967.271, arguing that it violates his constitutional rights to trial by jury and due process of law, and, further, violates the constitutional requirement of separation of powers.

{¶ 12} R.C. 2967.271 pertinently provides:

(B) When an offender is sentenced to a non-life felony indefinite prison term, there shall be a presumption that the person shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier.

(C) The presumption established under division (B) of this section is a rebuttable presumption that the department of rehabilitation and correction may rebut as provided in this division. Unless the department rebuts the presumption, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier. The department may rebut the presumption only if the department determines, at a hearing, that one or more of the following applies:

6.

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

7.

(D)(1) If the department of rehabilitation and correction, pursuant to division (C) of this section, rebuts the presumption established under division (B) of this section, the department may maintain the offender's incarceration in a state correctional institution under the sentence after the expiration of the offender's minimum prison term or, for offenders who have a presumptive earned early release date, after the offender's presumptive earned early release date.  The department may maintain the offender's incarceration under this division for an additional period of incarceration determined by the department.  The additional period of incarceration shall be a reasonable period determined by the department, shall be specified by the department, and shall not exceed the offender's maximum prison term.

(2) If the department maintains an offender's incarceration for an additional period under division (D)(1) of this section, there shall be a presumption that the offender shall be released on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department as provided under that division or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date that is specified by the department as provided under that division.  The presumption is a

rebuttable presumption that the department may rebut, but only if it conducts a hearing and makes the determinations specified in division (C) of this section, and if the department rebuts the presumption, it may maintain the offender's incarceration in a state correctional institution for an additional period determined as specified in division (D)(1) of this section. Unless the department rebuts the presumption at the hearing, the offender shall be released from service of the sentence on the expiration of the offender's minimum prison term plus the additional period of incarceration specified by the department or, for offenders who have a presumptive earned early release date, on the expiration of the additional period of incarceration to be served after the offender's presumptive earned early release date as specified by the department.

The provisions of this division regarding the establishment of a rebuttable presumption, the department's rebuttal of the presumption, and the department's maintenance of an offender's incarceration for an additional period of incarceration apply, and may be utilized more than one time, during the remainder of the offender's incarceration. If the offender has not been released under division (C) of this section or this division prior to the expiration of the offender's maximum prison term imposed as part of the offender's non-life felony indefinite prison term, the offender shall be released upon the expiration of that maximum term.

{¶ 13} It is appellant's contention that the portions of the statute which allow the Department of Rehabilitation and Corrections to administratively extend his prison term beyond his presumptive minimum prison term of 48 and one-half years to as much as 53 and one-half years violate the United States and Ohio Constitutions. Appellant, however, has not yet served his minimum term, and so he has not become subject to the application of R.C. 2967.271.

{¶ 14} As we stated in *State v. Acosta*, 6th Dist. Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757:

> [T]his court has recently held that the constitutionality of the Reagan Tokes law is not ripe for review where the appellant's imprisonment term has not yet been extended by the ODRC. *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702. In *Velliquette*, we explained that the appellant's arguments as to the 'possibility' of an extended prison term may never be realized. *Id.* at ¶ 29. *Velliquette* and the ripeness issue is currently before the Supreme Court of Ohio. *See State v. Velliquette*, 161 Ohio St.3d 1415, 2021-Ohio-120, 161 N.E.3d 708.

*Id.* at ¶ 10. Accordingly, appellant's second assignment of error is found not well-taken.

{¶ 15} We affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                          JUDGE

Gene A. Zmuda, P.J.

                              _____
Myron C. Duhart, J.                        JUDGE
CONCUR.

                              _____
                                          JUDGE

---

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.